MAE J. MOTT, *Appellant*, v. FIRST NATIONAL BANK OF ST. PETERSBURG, as Administrator of the Estate of SAMUEL E. DOANE, Deceased, et al., *Appellees*.

Division B.

Opinion filed September 19, 1929.

*C. E. Spear, John I. Viney, B. M. Skelton* and *Joe A. Pearce,* for Appellant;

*Owen & Carey,* for Appellees.

STRUM, J.—Samuel E. Doane, a resident of Pinellas county, died there intestate in 1926, seized and possessed of certain real and personal property in this State. His widow, Laura V. Doane, was appointed administratrix of the estate. The petition for her appointment, filed before the county judge, recited that decedent left the following sur-

viving heirs: ''Your petitioner, who is the widow of the deceased; John Vesser Doane, a son two years of age, and possibly an adopted daughter, whose name is Mae J. Mott, who was 33 years of age and a married woman, at the time of her adoption, which date was the 29th day of July, 1921, the place of her adoption being in the County of Hartford and State of Connecticut, in the probate court for the District of Westbrook.'' Laura V. Doane resigned as administratrix, and First National Bank of St. Petersburg was appointed administrator.

Thereafter, Mae J. Mott filed a petition before the county judge of Pinellas county, setting forth the circumstances of her adoption, alleging, amongst other things, that during her childhood and youth she lived with decedent Samuel E. Doane, and his then wife, Elizabeth Doane, who predeceased him, during all of which time the petitioner was treated by the Doanes as their daughter, but that she was not formally adopted by them until July 18, 1921, at which time she was married and living in her own home in Hartford, Connecticut, and was thirty-three years of age. The statutes of Connecticut expressly permit the adoption of adults. Petitioner further alleges that the Doanes then had no natural children and that petitioner's adoption was for the purpose of enabling her to inherit from her adoptive parents, Samuel E. Doane and his then wife Elizabeth Doane, and for no other purpose.

The purpose of the petition is indicated in its prayer, which is: ''Your petitioner prays the court that she may be declared to be the legally adopted daughter of the said Samuel E. Doane and Elizabeth Doane, and that she may be by this court decreed to be entitled to participate in the division or distribution of the estate of the said Samuel E. Doane, the same as if she were the natural heir of said Samuel E. Doane and Elizabeth Doane.''

A demurrer and motion to strike the petition aforesaid were interposed by First National Bank of St. Petersburg, as administrator, Laura V. Doane, and John Vesser Doane. The demurrer was sustained and the petition stricken by the county judge. On appeal to the circuit court, the order of the county judge was affirmed, whereupon an appeal to this court was taken. See Constitution, Art. V, Secs. 5 and 11.

In respect to estates of decedents, the jurisdiction committed to the county judge is confined to that of a court of probate, that is, for the establishment of wills and the administration of such estates. Art. V, Sec. 17 of the Constitution provides that "* * * The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties pertaining to courts of probate. * * *." The county judge posesses no chancery power, unless the power is of such a nature that it is a probate as well as a chancery power. Rich v. Bellamy, 14 Fla. 537, 542. In respect to his probate powers, the county judge exercises a general jurisdiction within a limited and defined sphere, but the jurisdiction so exercised by him is not that of a court of general jurisdiction according to the course of the common law. Epping v. Robinson, 21 Fla. 36, *idem* 24 Fla. 237, 4 So. R. 812.

Within itself, the decree of adoption in Connecticut has no extra-territorial effect in respect to the inheritance of real estate in other States. Brown v. Finley, 47 So. R. 577, 21 L. R. A. (N. S.) 679; 16 Ann. Cas. 778; 1 C. J. 1402. The relation of parent and child having been competently established by adoption in Connecticut, however, that status will be recognized in Florida under the rules of

comity or under the full faith and credit clause of the Federal Constitution, unless such status or the rights flowing therefrom are not contemplated by or are repugnant to the laws or policy of the State of Florida upon the subject. Van Matre v. Sanky, 148 Ill. 536; 1 R. C. L. 615.

Each State possesses the sovereign power to prescribe its own laws as to adoptions, as well as its own law of descent and distribution with reference to property within its limits, in the exercise of which power a State may deny the right of inheritance in that State to one adopted under the laws of another state, or may refuse to recognize an adoption under the laws of a foreign state for the purpose of transmitting title by inheritance. See Ross v. Ross, 129 Mass. 243; Hood v. McGhee, 189 Fed. 205; Clark v. Clark, 178 U. S. 186, 44 L. Ed. 1028; Olmstead v. Olmstead, 216 U .S. 386, 54 L. Ed. 530; 25 L. R. A. (N. S.) 1929; Van Matre v. Sanky, *supra,* 1 R. C. L. 615.

By this proceeding before the county judge, petitioner attempts to judicially establish in this State her status as an heir at law of Samuel E. Doane for the purpose, in turn, of establishing a right to inherit, under our laws of descent, an interest in real property in this State owned by Samuel E. Doane at his death, and as to which he died intestate. That status and right depend upon whether or. not, under the rule of comity or the full faith and credit clause of the Federal Constitution, the Connecticut decree legalizing petitioner's adoption in that State should be recognized and effectuated in Florida for the purpose stated. A decision of the latter question turns upon whether or not the adoption of an adult is contemplated by the laws of Florida, or is consistent with our public policy on the subject. A solution of those questions involves a consideration of many intricate principles of law, including a construction of our statutes relating to adoption, partic-

ularly with reference to whether the word "child" as used in those statutes embraces adults. Jurisdiction of proceedings to legalize adoptions effected in this State is committed to the circuit court. Secs. 5076 et seq., C. G. L. 1927. It would be illogical to suppose that it was intended to invest the county judge in the exercise of a probate jurisdiction with power to determine in a summary proceeding the validity and effect of a foreign adoption for the purpose here involved and to determine the disputed question of petitioner's status in Florida by virtue of the Connecticut adoption for the purpose of inheriting real estate in Florida as an adopted child. Such a function is foreign to our courts of probate. The power to administer the estate of an intestate is committed to the county judge, but that officer is without power to determine who shall inherit as an heir under our laws of descent when that question is disputed, or to judicially ascertain and establish for that purpose the status in Florida of one who claims to be an adopted child of the intestate by virtue of a foreign adoption. An adjudication of these questions involves disputed rights in real property, a determination of which requires the interposition of a court of chancery or a court of general jurisdiction proceeding according to the course of common law.

This proceeding is really a dispute between the widow and natural heirs on the one hand, and this petitioner on the other hand, as to the title to the real estate of which Samuel E. Doane died intestate. A county judge is without jurisdiction to try the title to real property. The title to real property is involved because if petitioner's status as an adopted child of Samuel E. Doane is competently established in Florida, then by operation of our adoption statutes and statute of descent, title to the real estate of which Samuel E. Doane died intestate, descended, subject

450

to the widow's rights, to the petitioner and natural children of Samuel E. Doane in coparcenary, instead of to the natural children alone. A competent determination of the petitioner's status therefore determines whether or not petitioner inherited title to an interest in decedent's real estate, the necessary result of a valid judgment being that one party would gain and another lose an interest in such real estate. See Barrs v. State ex rel. Britt, 16 So. R. 28. The proceeding therefore resolves itself into an attempt to try title to real property before the county judge sitting as a court of probate. Art. V, Sec. 11 of the Florida Constitution provides that the circuit courts shall have exclusive original jurisdiction "of all actions involving the titles or boundaries of real estate." * * *

The following cases, while not involving adoptions, are illustrative: Wright v. Wright, 53 Pac. R. 684; Wilson v. Wilson, 132 Pac. R. 67; in re Christiansen, 53 Pac. R. 1003; 41 L. R. A. 504. See also 15 C. J. 1013.

As an adjudication by the county judge of the matters presented by the petition would be void, the order striking the petition, being equivalent to an order of dismissal, was proper. This order, and the order of the circuit court affirming the same, are affirmed. Under the circumstances, the affirmance is of course without prejudice to the petitioner to have her rights determined by a court of competent jurisdiction.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.