IN RE: ESTATE OF JANE READING NIERNSEE, Deceased

2 So. (2nd) 737
Special Division A
Opinion Filed June 3, 1941

*Joseph F. McPherson* and *C. S. Robertson,* for Appellants;

*H. H. Eyles,* for Appellee.

BUFORD, J.—The appeal brings for review order of the circuit court affirming the order of the county judge as judge of probate re-establishing a lost will and admitting such re-established will to probate.

Appellant poses six questions for our consideration, as follows:

"QUESTION ONE: Is there sufficient evidence to establish execution, publication and contents of the will re-established and admitted to probate?

"QUESTION TWO: Did testatrix have testamentary capacity on January 14, 1935?

"QUESTION THREE: Neither the original nor any copy of the alleged will having been produced and it affirmatively appearing that the original, together with all copies thereof, was in testatrix' actual physical possession, was not such alleged will presumptively destroyed with the intent of revoking the same?

"QUESTION FOUR: Testatrix having regained and being possessed of her mental faculties and having testamentary capacity for approximately two years before her death, and knowing as she did know, that if said will was made and it could not be readily found, and having no other will, could the alleged lost instrument be probated as a lost will?

"QUESTION FIVE: Where the probative force and legal effect of all the evidence adduced is conclusively against the material allegations of the petition, should the county judge have re-established, on parol evidence, and admitted to probate, an alleged lost will?

"QUESTION SIX: The county judge's court was and

is without jurisdiction to hear, try or determine the issues involved in this case."

We will first dispose of Question Six. Section 11 of Article V of our Constitution, *inter alia,* provides:

"The circuit court shall have exclusive original jurisdiction in all cases in equity, . . ."

The appellant contends that this provision of the Constitution precludes the Legislature conferring jurisdiction on the probate court to re-establish lost wills, because the re-establishment of lost documents not records of any court is a matter cognizable in equity. Section 38 of the 1933 Probate Act provides as follows:

"JURISDICTION OF COUNTY JUDGE. The County Judge shall have jurisdiction of the administration, settlement and distribution of estates of decedents, the probate of wills, the establishment of lost or destroyed wills, the granting of letters testamentary and of administration, and of all other matters usually pertaining to courts of probate."

Section 64 of the Act provides:

"ESTABLISHMENT AND PROBATE OF LOST AND DESTROYED WILLS. The establishment and probate of a lost or destroyed will shall be in one proceeding. Upon the probate of such a will the county judge shall, as a part of his order admitting same to probate, recite and thereby establish and preserve the full and precise terms and provisions of such will.

"The petition for probate of a lost or destroyed will shall contain a copy of such will or the substance thereof. The testimony of each witness must be reduced to writing, signed by him and filed and shall

be evidence in any contest of the will if the witness has died or removed from the State.

"No probate of any lost or destroyed will shall be granted until citation has issued and been served upon those who but for such will would be entitled to the property thereby bequeathed or devised, nor unless clearly and distinctly proved by the testimony of at least two disinterested witnesses, a correct copy being the equivalent of one witness."

That the probate court proceeded according to the requirements of the statute is not challenged.

Our conclusion is that the provision of the Constitution, *supra,* established in the circuit courts exclusive jurisdiction in all cases in equity involved matters which were of exclusive equity jurisdiction under the common law and does not mean that if a matter is such that equity may have jurisdiction to determine the issues the Legislature is thereby precluded from conferring jurisdiction of such matters on a law court when the law court can render adequate and complete relief.

In Pournelle, *et al.,* v. Baxter, *et al.,* 142 Fla. 517, 195 Sou. 163, we said:

"While the Constitution gives to the circuit court exclusive original jurisdiction of all cases in equity, the Constitution also confers upon the county judges jurisdiction to take probate of wills and to discharge the duties usually pertaining to courts of probate.

"Courts of equity have not been given express jurisdiction to take probate of wills or to revoke or to cancel wills or exclusive jurisdiction to establish lost or destroyed wills; and statutes may confer upon

county judges as probate judges, jurisdiction of the establishment of lost or destroyed wills as a part of the duties usually pertaining to courts of probate, within the intendments of the Constitution."

In that case we did not hold that by the force of the statute the probate court would have exclusive jurisdiction to re-establish the lost will; nor is it necessary for us to determine that question at this time. The most that we have to determine now is whether or not the probate court was vested with jurisdiction which it could exercise in this regard.

In 48 L. R. A. (N. S.) 649, note, we find:

"The difficulty in the way of suing at law upon a lost bond in the ordinary form was the necessity of making profert. Whitfield v. Fausset, 1 Ves. Sr. 387. Says Lord Hardwicke, in a considered judgment (at p. 393): 'If a man has lost a bond he is entitled to come into equity, not only for a discovery, but to have a decree for payment—because he cannot declare without making profert, the defendant being entitled to oyer.' And such was undoubtedly the ancient rule of pleading at law. Leyfield's Case, 10 Coke 92; Comyn's Dig. Pl. O. & P; Thoresby v. Sparrow, 1 Wils. 16 s. c. sub. nom. Soresby v. Sparrow, 2 Strange 1186. This rule was relaxed in Read v. Brookman, 3 T. R. 151, in the case of a conveyance of land, on the ground that the conveyance or grant of an interest in land is to be presumed after long adverse possession or enjoyment, and hence it was unnecessary to make profert. And later on it was extended to all sorts of sealed instruments, the court establishing a rule that excuse might be stated and proved for not making profert.

But it is entirely settled that if the jurisdiction of this court has once been established over a certain subject or class of cases, it will not be taken away by the fact that courts of law have acquired jurisdiction of the same subject or class of cases, whether that jurisdiction be acquired by relaxation of its own severe rules or by statute. Lord Thurlow, in Atchinson v. Leonard, 3 Bro. Ch. 218 (at p. 224), speaking of the alleged relaxation of the rule at law, says: 'But the question is whether this Court is ousted of its jurisdiction so that a demurrer would lie to a bill for (founded on) a lost bond. . . . It does not follow because the court of law will give relief that this court loses the concurrent jurisdiction which it always had.' And in Toulman v. Price, 5 Ves. Jr. 235, Lord Eldon, (at p. 238) says: 'For a great while courts of law would not assist a man who could not make profert. But there was no doubt the debt was not extinguished; and though the party could not comply with the requisites to support an action, there was no doubt a bill in equity would lie, calling upon the party either to admit the bond or to give him an opportunity of proving the execution and the loss, and a court of equity always interfered. But of late courts of law have from the hardship waived that rule, and permitted a man to declare upon a lost bond.' And he then proceeds to cite with approval Atkinson v. Leonard, before Lord Thurlow, and to hold that the change in the practice at law did not oust the jurisdiction of equity."

The probate of a will is within the exclusive jurisdiction of the probate court and the establishment or re-establishment of a will is an incident to its probate. The probate court is a court of general juris-

diction in regard to all matters within its cognizance. The vesting in the probate court of the jurisdiction to re-establish lost wills by enactment of the statute, *supra,* conferred on the probate court the power to adjudicate all matters essential to be adjudicated in connection with the probate of a will. The Legislature, by granting such power, has not contravened the provisions of the Constitution, *supra.*

We have considered each of the other questions as presented in the brief in connection with a study of the record. Those other five questions in different ways challenge the sufficiency of the evidence to support the judgment of the probate court as entered by the county judge and the affirmance thereof as entered by the circuit court.

There are some conflicts in the evidence and the courts below might have been justified in determining some of the questions involved in accordance with the contentions of the appellant here. But there is ample evidence in the record to support the findings and judgments as entered. We find that the preponderance of the evidence supports the finding establishing the execution, publication and contents of the lost will; that the testatrix had testamentary capacity at the time of the execution of the will; that the will was lost by the testatrix during her lifetime and at a time when she did not have testamentry capacity and, therefore, did not have the capacity to effectively destroy a will and there is no evidence that she afterwards found or got possession of will when she had returned to a state of sanity and, therefore, the presumption that she had destroyed the will does not obtain. That presumption is overcome by proof that the will was in her possession while she was suffering

an extreme mental derangement and that it in some manner passed from her possession and control while she was in that state, or condition. The reasonable conclusion to be drawn from the evidence is that if it was so lost at such time and that the testratrix never recovered possession of it.

We are unable to give effect to Question Five because the probative force and legal effect of all the evidence adduced is not conclusive against the material allegations of the petition, but, as we read the record, there is ample evidence to support the allegations of the petition and the judgment based thereon. Upon consideration of the entire record no material error is made to appear.

It, therefore, follows that the order of the circuit court should be and is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and THOMAS, J. J., concur.

ADAMS, J., not participating.