IN RE: ESTATE OF LIZZIE MONKS, Deceased; CHARLES W. LUTHER, as Guardian Ad Litem of the Unknown Heirs of Lizzie Monks, Deceased, v. THE FLORIDA NATIONAL BANK OF JACKSONVILLE, as Admiinstrator of the Estate of Lizzie Monks, Deceased.

19 So. (2nd) 796                                    June Term, 1944
November 28, 1944                                       Division A

*Charles W. Luther,* for appellant.

*P. W. Harvey,* for appellee.

CHAPMAN, J.:

On September 8, 1942, Lizzie Monks died intestate, in Volusia County, Florida. She left no surviving spouse, lineal descendants, father, mother, brothers or sisters. The Florida National Bank of Jacksonville was appointed administrator. The appraisal and inventory of the deceased's estate fixed

the value of the personal property in the sum of $90,016.42 and the real estate valued at the sum of $3,550.00.

The administrator by petition on November 3, 1942, under Section 182 of Chapter 16103, Acts of 1933, Laws of Fla. (commonly known as the Probate Act), Section 734.25, F.S. 1941 (F.S.A.), applied to the County Judge's Court of Volusia County, Florida, for an order adjudicating and determining the legatees, distributees, heirs or beneficiaries entitled, as a matter of law, to receive the property of the decedent owned and possessed by her at the time of her death. Hon. Charles W. Luther, on November 3, 1943, was by the County Judge of Volusia County, under Section 734.25, *supra,* appointed guardian ad litem of the unknown heirs of Lizzie Monks, deceased.

The Attorney General of Florida, acting for and in behalf of the State of Florida, filed in the County Judge's Court of Volusia County, Florida, a petition under Section 731.33, Fla. Stats. 1941 (F.S.A.) claiming that the property owned by Lizzie Monk at the time of her death escheated to the State of Florida, because the decedent died without being survived by persons legally entitled to the aforesaid property.

On January 17, 1944, Charles W. Luther, as guardian ad litem for the unknown heirs of the deceased, filed an answer and cross answer to the petition for escheatment of the State of Florida and the petition of the administrator. Pertinent portions of the answer and cross answer are viz:

"Further answering said Petition and said First Supplemental Petition for determination of the heirs at law and beneficiaries of the Estate of Lizzie Monks, deceased, and further cross-answering the several Answers filed to said Petition and said First Supplemental Petition, said Guardian ad Litem for the Unknown Heirs of Lizzie Monks, deceased, suggests to the Court that it may be without jurisdiction to determine an heirship of Lizzie Monks, deceased, notwithstanding the statutory provisions attempting to confer upon it such jurisdiction inasmuch as the Supreme Court of the State of Florida in the case of Mott v. First National Bank of St. Petersburg, reported in 124 So. 36, 98 Fla. 444, has held:

" 'In respect to estates of decedents, the jurisdiction committed to the county judge is confined to that of a court of probate; that is, for the establishment of wills and the administration of such estate. Article V, XVII, of the Constitution provides that: ... The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to Courts of probate. ... .' The County Judge possesses no chancery power, unless the power is of such a nature that it is a probate as well as a chancery power. Ritch v. Bellamy, 14 Fla. 537, 542. In respect to his probate powers, the county judge exercises a general jurisdiction within a limited and defined sphere, but the jurisdiction so exercised by him is not that course of the common law. Epping v. Robinson, 21 Fla. 36; Id., 24 Fla. 237, 4 So. 812. ...

"The power to administer the estate of an intestate is committed to the county judge, but that officer is without power to determine who shall inherit as an heir under our laws of descent when that question is disputed, or to judicially ascertain and establish for that purpose the status in Florida of one who claims to be an adopted child of the intestate by virtue of a foreign adoption. Ad adjudication of these questions involves disputed rights in real property, a determination of which requires the interposition of a court of chancery or a court of general jurisdiction proceeding according to the course of common law."

Counsel for the administrator filed a motion to strike the above described portions of the answer and cross answer of the guardian ad litem of the unknown heirs of Lizzie Monks on grounds (1) the described portions of the answer were irrelevant; (2) it was nothing but the conclusion of the pleader; (3) it attempted to deny the County Judge's Court jurisdiction of probate matters conferred upon it by statute and the Constitution; (4) it challenged the legal authority of the County Judge's Court to adjudicate probate matters; (5) the County Judge's Court has the power to adjudicate and

determine the lawful heirs of the decedent and the distributees thereof. On February 16, 1944, an order was entered by the County Judge's Court of Volusia County granting the motion of the administrator to strike the answer and cross answer of the guardian ad litem for the unknown heirs of the decedent. This order was affirmed by the circuit court under date of April 4, 1944. An appeal therefrom has been perfected here.

Counsel for the appellant contends that the exclusive jurisdiction to adjudicate the question of who are the heirs or distributees of the estate, the shares and amount thereof to which each may be entitled, is vested by Section 11 of Article V of the Constitution in the circuit courts and not in the county judge's court, regardless of Section 17 of Article V of the Constitution and Chapter 16103, Acts of 1933 (the Probate Act), and particularly Section 182 thereof (Section 734.25 Fla. Stats. 1941); Section 182 (734.25) being unconstitutional. The authorities cited and relied upon by counsel for appellant to sustain this contention are Mott v. First Nat. Bank, 98 Fla. 444, 124 So. 36; Spitzer v. Branning, 135 Fla. 49, 184 So. 770.

In Mott v. First Nat. Bank, *supra,* it was made to appear that Mae J. Mott was the adopted daughter of Samuel E. Doane and Elizabeth Doane; that she was adopted on July 18, 1921, by the Doanes under the statutes of the State of Connecticut. She was by her parents held out to the general public and recognized by all as the daughter of the Doanes. Samuel E. Doane died in Pinellas County, Florida, seized of real estate and personal property. The prayer of the adopted daughter's petition filed in the County Judge's Court of Pinellas County was, "that she may be by this Court decreed to be entitled to participate in the division or distribution of the estate of Samuel E. Doane, the same as if she were the natural heir of said Samuel E. Doane and Elizabeth Doane."

The effect of the petition was to seek an adjudication in the County Judge's Court of Pinellas County, Florida, of the decree of adoption made and entered by the courts of the State of Connecticut. The jurisdiction of proceedings to legalize adoptions in the State of Florida by statute is com-

mitted to the Circuit Court rather than the county judge's court. The adjudication by the circuit court of the adoption proceedings had in the State of Connecticut would put at rest petitioner's right to inherit an interest in Samuel E. Doane's estate.

An analysis of the facts involved in Spitzer v. Branning, *supra,* discloses an erroneous order entered by the County Judge's Court of Dade County, Florida. The inadvertent order entered gave the widow a child's part in the homestead of William H. Spitzer. A suit to partition the homestead was filed and the orders of the county judges court were plead at bar to, the maintenance of the suit. We held that the orders of the county judge's court were void *ab initio* and were not a defense. This case has no influence on the controversy here presented.

The contention that Section 182 of the Probate Act (Section 734.25, Fla. Stats. 1941) (F.S.A.) offends and is violative of Section 11 of Article V of the Florida Constitution is made apparently in total disregard of pertinent portions of Sections 17 of Article V of the Florida Constitution viz: "the county judge shall have jurisdiction of the settlement of estates of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to probate."

The challenged Section, *supra,* was designated to establish the procedure observable in obtaining an adjudication by the county judge's court of the question of who are the distributees, legatees, or beneficiaries of the property of a decedent and the amounts and shares to which each may be entitled. The exclusive jurisdiction to determine the question is vested in the county judge's court, not only by Section 108, *supra* (Section 734.25 *supra*), but by Section 17 of Article V of the Constitution of Florida.

Section 17 of Article V, *supra,* after enumerating or reciting the constitutional duties of the county judge's court in settling and administering estates of decedents, employs broad and comprehensive language viz. "and (the county judge's court shall) discharge the duties usually pertaining

to probate." "Probate duties" comtemplates the probation of wills, issuance of letters testamentary or administration, collection of debts, allowance or disallowance of claims, ordering the sale of real estate, approval of final accounts, distribution of the property of the estate, hearing testimony and ascertaining the heirs, legatees, distributees or beneficiaries entitled to receive the estate of a decedent, and the amounts and shares thereof. The county judge's court, generally speaking, has the exclusive power to do all things necessary in the settlement of an estate of a decedent from the probation of a will or the issuance of letters of administration to the completion of the administration thereof and the entry of an order of discharge of the legal representative. See Crosby v. Burleson, 142 Fla. 443, 195 So. 202; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Tyre v. Wright, 144 Fla. 90, 197 So. 846; State ex rel. North v. Whitehurst, 145 Fla. 559, 1 So. (2nd) 175; In re: Estate of Niernsee, 147 Fla. 388, 2 So. (2nd) 737; Thompson v. Harris, 150 Fla. 471, 7 So. (2nd) 854; Wells v. Menn, 154 Fla. 173, 17 So. (2nd) 217.

The contention that Section 108 of Chapter 16103, Acts of 1933—Section 734.25 Fla. Stats. 1941 (F.S.A.)—is unconstitutional and void is not only unsound but clearly untenable.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.