**EUGENE ULLENDORFF and ANNETTE ULLENDORFF WINNARD v. CLYDE W. BROWN, THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR DADE COUNTY, and THE HONORABLE ROSS WILLIAMS, one of the Judges of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County.**

24 So. (2nd) 37                                    June Term, 1945
December 11, 1945                               Special Division B

*Norris McElya* for Eugene Ullendorff and *Grady C. Harris* for Annette Ullendorff Winnard, petitioners.

*Redfearn & Ferrell* and *Mitchell D. Price, Zaring & Florence* for respondents.

SEBRING, J.:

This is an original proceeding in prohibition to prohibit the Circuit Court of the Eleventh Judicial Circuit from proceeding further in a certain equity suit wherein Clyde W. Brown is plaintiff and Eugene Ullendorff and Annette Ullendorff Winnard are defendants, being case numbered 93331 in chancery. The material allegations of the bill of complaint in the equity suit are as follows: In 1895 Jennie Ullendorff was married to one Phillip Ullendorff and lived with him as his wife until his death in September 1923. Upon the death of Phillip Ullendorff his widow dissented from his will (which was probated in Dade County, Florida) and elected to take a child's part in his estate, which was awarded and delivered to

her. In the division of the estate Jennie Ullendorff received one-third thereof as her child's part, and the remainder of the estate went to Eugene and Annette Ullendorff, the defendants. Subsequently, Jennie Ullendorff married one Claude Gossett, who died prior to May, 1938. On May 11, 1938, Jennie Ullendorff Gossett married the plaintiff, Clyde W. Brown.

Jennie Ullendorff Gossett Brown died in Broward County, Florida, on October 11, 1944, and was buried in Dade County, Florida. Upon her death the plaintiff, Clyde W. Brown, was appointed administrator of her estate by the County Judge's Court of Broward County and is now administering the estate. Eugene Ullendorff and Annette Ullendorff Winnard have filed a petition in the probate proceedings in which they claim that they are children of Jennie Ullendorff Gossett Brown and, as such, are entitled to two-thirds of her estate. Plaintiff alleges upon information and belief that said claimants are not children of the deceased but were twins born to Edgar and Lizzie Dodson in a maternity hospital in Nashville, Tennessee, on July 31, 1908, and within a few days thereafter were given by the parents to Jeannie Ullendorff, but were never legally adopted by the latter.

Plaintiff further alleges upon information and belief that on or about October 22, 1931, Jennie Ullendorff Gossett Brown, then known as Jennie Ullendorff Gossett, executed a last will and testament, whereby she devised and bequeathed the greater portion of her estate to Eugene Ullendorff and Annette Ullendorff Winnard, her foster children. Subsequently Jennie Ullendorff Gossett Brown became estranged from her foster children and on June 10, 1938, canceled and revoked said will by certain wording written across the face thereof. After making the will of October 22, 1931, Jennie Ullendorff Gossett was married to plaintiff, who survived her. Jennie Ullendorff Gossett Brown has made no provision for Clyde W. Brown in her will. The will does not disclose an intention not to make such provision for her spouse. The testatrix made no provision for her spouse by marriage contract. Section 731.10 Florida Statutes, 1941 provides that "When a person marries after making a will, and the spouse survives the testator, such surviving spouse shall receive a

share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract, or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision." If the will is a valid instrument the plaintiff is entitled to receive a share in the estate of the testatrix equal in value to that which such surviving spouse would have received if the testatrix had died intestate.

Plaintiff further alleges that all persons by whom he could have proved that Eugene Ullendorff and Annette Ullendorff Winnard are not the lineal discendants of Jeannie Ullendorff Gossett Brown are dead, and that the only method by which he can prove that they are not the natural children of the deceased is by a disinterment of her body and the performance of an autopsy thereon; that such autopsy will show conclusively whether or not the said Jennie Ullendorff Gossett Brown had ever borne a child, and if she had not, the proof will be conclusive that the claimants are not her children; that a court of equity is the only court which had jurisdiction to order an exhumation of the body and the performance of an autopsy for such purpose.

The prayer of the bill is that the court will take jurisdiction of the cause and will enter a decree declaring (1) That the will of Jeannie Ullendorff Gossett Brown, dated October 22, 1931, is not a valid last will and testament of Jeannie Ullendorff Gossett Brown and that by reason of the fact the deceased died intestate; (2) if said will is found to be valid, that the decree declare that plaintiff is the surviving spouse of the testatrix and is entitled to receive a share in the estate of deceased equal in value to that which plaintiff would have received if she had died intestate; (3) that the decree declare whether or not defendants are children of Jennie Ullendorff Gossett Brown, deceased. As supplemental relief, it is asked that the court order that the body of the deceased be disinterred and that an autopsy be made thereon for the purpose of determining whether the deceased has ever borne a child.

The right and authority of the Circuit Court of the

Eleventh Judicial Circuit to proceed to adjudicate the issues raised in the equity suit in the face of prior jurisdiction involving the same issues already taken in the County Judge's Court of Broward County, was raised by motions to dismiss filed by the defendants. Grounds of the motion are (1) that the bill of complaint shows on its face that the Probate Court of Broward County has already acquired jurisdiction of the matters and things sought to be adjudicated in the bill of complaint and that the Eleventh Judicial Circuit Court has no jurisdiction to interfere with the jurisdiction of the Probate Court of Broward County, Florida; (2) that the supervisory and appellate jurisdiction over the Probate Court of Broward County, Florida, belongs to the Circuit Court of the Fifteenth Judicial Circuit of Florida, in which Broward County is located, and that the Circuit Court of the Eleventh Judicial Circuit is without jurisdiction to usurp the jurisdiction of the Circuit Court of the Fifteenth Judicial Circuit.

On hearing the motions to dismiss the bill of complaint were denied and the defendants were ordered to answer the bill of complaint. The defendants thereupon came to this court with a petition in prohibition suggesting that the Circuit Court of the Eleventh Judicial Circuit should be prohibited and restrained from making any further orders in the cause. Grounds for the issuance of the writ of prohibition were substantially the same as those incorporated in the motions to dismiss which were filed in the equity suit. The plaintiff in the equity suit and Honorable Ross Williams, the Circuit Judge of the Eleventh Judicial Circuit, who has been hearing the case, were named as respondents. Based upon the allegations contained in the petition this court issued a rule in prohibition addressed to the respondents. The respondents have filed their answers in obedience to the rule, and the question now before the court is whether a rule absolute in prohibition should issue, the returns notwithstanding.

A transcript of all proceedings had and taken in the County Judge's Court of Broward County, Florida, prior to the institution of the equity suit in Dade County, with relation to the administration of the estate of Jennie Ullendorff Gossett Brown, deceased, is attached to the petition. From

such transcript it appears that prior to the institution of the suit in Dade County the said Clyde W. Brown had procured the appointment of himself as administrator of the estate of Jennie Ullendorff Gossett Brown, deceased, upon the representation that she had died intestate and that as surviving spouse he was entitled to be appointed administrator. It also appears that after his appointment, Eugene Ullendorff and Annette Ullendorff Winnard filed their petition in the probate proceedings, in which they claimed that they were children of the deceased and entitled to share in her estate. Reference is made in the petition to the will mentioned in the bill of complaint, it being asserted by the petitioners that said instrument is the last will and testament of their deceased mother and should be admitted to probate. To the petition, Clyde W. Brown, individually and as administrator of the estate, filed his answer in which he denied the parentage of the petitioners and the validity of the will. A copy of the will is attached to the answer and an offer is made by the respondent to produce the original if required to do so by the court. The respondent also avers in his answer that he "expects to give proof of these facts [that are alleged in the answer] at the trial when the issue is raised as to whether Eugene Ullendorff and Annette Ullendorff Winnard are in truth and in fact lineal descendants of said Jennie Ullendorff Gossett Brown." And the answer concludes with the prayer "that upon a hearing and determination of the issues raised by the petition and answer herein, said petition will be dismissed with costs to said petitioners."

We are of the view that a court which might otherwise have jurisdiction of a cause may be restrained by prohibition from interfering with an exclusive jurisdiction acquired by another court of concurrent jurisdiction by reason of the latter court being the court first to assume and exercise jurisdiction in the particular case. See 42 Am. Jur. p. 162, Prohibition, Sec. 24; 50 C.J. p. 667, Prohibition, Sec. 22. Except for that phase of the Dade County chancery suit which asks for the disinterment of the body of Jennie Ullendorff Gossett Brown and an autopsy for the purpose of determining whether the deceased ever gave birth to a child, the findings

to be used by the administrator as proof of his claim that Eugene Ullendorff and Annette Ullendorff Winnard could not have been children of the deceased, there is nothing in the equity suit that has not already been put at issue by petition and answer filed in the pending probate proceeding in the County Judge's Court of Broward County. It is well settled in this jurisdiction that when a county judge's court of the county wherein a deceased resided takes jurisdiction, as a court of probate, in the administration and settlement of his estate, the circuit court ought not to attempt to oust that jurisdiction. Tyre, et al., v. Wright, et al., 144 Fla. 90, 197 So. 846. The reason for this is that the county judge's court, generally speaking, has the exclusive power to do all things necessary in the settlement of an estate of a decedent from the probation of a will or the issuance of letters of administration to the completion of the administration thereof and the entry of a final order of discharge. Duties that such court may discharge in the exercise of its probate jurisdiction are the probation of wills, issuance of letters, collection of debts, allowance or disallowance of claims, ordering sale of assets, approval of accounts, distribution of assets, hearing testimony and ascertaining heirs, legatees, distributees or beneficiaries entitled to share in the estate of the decedent and the amounts and shares thereof. See In re Monks' Estate, (Fla) 19 So. (2nd) 796; Sec. 17 Art. V. Constitution of Florida; Sec. 732.41 Florida Statutes, 1941.

If in the course of ascertaining heirship in a proceeding held in the probate court for that purpose, it is shown to the satisfaction of the probate judge that the issue of heirship can be disproved by examination of the body of the decedent for the purpose of proving that she had never given birth to a child, and that such issue is material and can be refuted by no other evidence, we think it entirely within the power and province of the probate judge having jurisdiction, in the exercise of a sound judicial discretion and for the purpose of proving justice and preventing fraud, to enter an order directing that the body be exhumed and an autopsy be performed for such purpose, and that findings of the persons making the autopsy be made available in the trial of the cause. See

Wigmore on evidence (3rd Ed.) Vol. VIII, Sec. 2216(d), p. 170; Sec. 2221, p. 210; 22 L.R.A.N.S. 513; 15 Am. Jur. p. 842, Dead Bodies, Sec. 19. We do not hold to the view urged by the respondents in this proceeding, that jurisdiction to enter such an order is the sole and exclusive prerogative of the Circuit Courts of the State sitting as courts of chancery.

For the reasons stated we are of opinion that an absolute judgment in prohibition should issue restraining the Circuit Court of the Eleventh Judicial Circuit of Florida, and the plaintiff in said cause, from proceeding further in the equity suit now pending in said circuit court.

It is so ordered.

CHAPMAN, C. J., BROWN and BUFORD, JJ., concur.