KANNER, Judge.
The petitioners seek a writ of certiorari to have reviewed an order of the county judge of Pinellas County wherein he relinquished to the circuit court of that county jurisdiction to determine the validity of the will, previously admitted to probate, of the late Eugene T. Dahl.
Of the two petitioners, Beatrice Cava-naugh Dahl is the surviving spouse as the result of a ceremonial marriage to the deceased and is the principal beneficiary under the will, while the other petitioner, executor of that will, is the First National Bank in St. Petersburg.
Eugene T. Dahl died on August 24, 19S9; his will was admitted to probate in the county judge’s court of Pinellas County on September 1, 1959. In February of 1960, two brothers of the deceased, respondents, filed a suggestion in the probate proceeding, the subject of which was that an action had been instituted in the circuit court of Pinel-las County by the Dahl brothers as plaintiffs against the defendants-petitioners seeking a decree to declare the decedent’s will invalid and to annul the ceremonial marriage between the decedent and Beatrice Cava-naugh Dahl. A copy of the complaint in *334 the circuit court action was attached to the suggestion. • It was suggested that the circuit court had exclusive jurisdiction as to' annulment of marriage and had concurrent jurisdiction with the probate court as to the will’s validity, for which reasons the respondents suggested that the county judge yield to the circuit court jurisdiction as to the will’s validity.
Replying, the petitioners moved to quash the suggestion on the ground that the probate court had exclusive jurisdiction of the probate of wills and administration of estates.
The order which is the subject of this petition was entered by the county judge denying the petitioners’ replies and motions to quash and relinquishing jurisdiction to determine the validity of the probated will to the circuit court, upon the condition that if the circuit court should decline, the probate court would reassume jurisdiction upon the subject of validity. The county judge reasoned that since that court has no jurisdiction to annul marriage, it could not grant total relief and that the parties and the estate would be benefited by consolidation of the two questions into one suit for determination by one court.
In the circuit court action, the plaintiffs, respondents here, were seeking that the marriage between the decedent and Beatrice Cavanaugh Dahl be decreed a nullity, that the last will and testament admitted to probate be decreed null and void, that a prior will be decreed to be the last will and testament of the decedent, or that in the alternative it be decreed that Eugene T. Dahl died intestate. The petitioners, as defendants in the circuit court, filed motions to dismiss the complaint on the ground, inter alia, of lack of jurisdiction of the circuit court to determine validity of the will. Oral argument was heard by the chancellor on April 26, 1960, but as of the date of the petition he had issued no ruling on these motions.
Since the county judge’s court determined-in effect that- it did not have exclusive jurisdiction to hear and decide the validity of the will and that it was authorised to yield its jurisdiction to the circuit court, the petitioners seek to quash the order through the remedy of certiorari because of the court’s asserted failure to proceed in accordance with fundamental principles of law. The petitioners’ premise is that a fundamental question of jurisdiction is involved in that the county judge acted without authority in relinquishing jurisdiction to the circuit court over subject matter within the exclusive jurisdiction of the county judge’s court and as to which the circuit court has no jurisdiction.
Jurisdictionally, as to probate courts, “The county judge’s courts shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate.” Article 5, section 7(3), Constitution of the State of Florida, F.S.A. Under the former Article 5, section 17, the jurisdictional wording is the same as that of the present provision. However, under the former Article 5, section 11, relating to jurisdiction of circuit courts, those courts then had “supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide.” The language just quoted is not retained in the new article. Thus, supervision of matters arising before county judges pertaining to their probate jurisdiction has been withdrawn, as has the appellate jurisdiction. Article 5, section 6 (3) and section 5(3), Constitution of the State of Florida. The constitutional jurisdictional terms have been implemented into statutory enactments by sections 36.01(3) and 732.01, Florida Statutes, F.S.A. Chapter 732 provides fully and specifically for *335 proceedings for probate as well as revocation of probate of wills in county judges’ courts.
By statutory enactment, courts of equity are empowered with concurrent jurisdiction with county judges in the construction of wills or parts of them. However, the court first acquiring jurisdiction for construction of a will shall retain it. No petition or complaint for construction may be maintained in any court until the will has first been probated. Section 732.42, Florida Statutes, F.S.A. Thus concurrent jurisdiction is conferred upon courts of equity to construe wills under the conditions specified, but there is no such statutory power granted to courts of equity to pass upon the validity of wills.
Pertaining to probate jurisdiction, the Supreme Court of Florida has made certain pronouncements. In the case of Pournelle v. Baxter, 1940, 142 Fla. 517, 195 So. 163, it was stated that courts of equity have not been vested with express jurisdiction to take probate of wills or to revoke or to cancel wills. In the case of In re Peters’ Estate, 1945, 155 Fla. 453, 20 So.2d 487, it was declared that courts of equity are without power or jurisdiction over the validity of wills, since section 17 of Article 5 of the Florida Constitution vested in the county judge, among other things, jurisdiction of the settling of estates of decedents, the taking of probate of wills, and the granting of letters testamentary. By the cases of Ullendorff v. Brown, 1945, 156 Fla. 655, 24 So.2d 37, and In re Monks’ Estate, 1944, 155 Fla. 240, 19 So.2d 796, it was held that the county judge’s court, generally speaking, has the exclusive power to do all things necessary in the settlement of the estate of a decedent, from the probate of a will or the issuance of the letters of administration to the completion of the administration and the entry of a final order of discharge. Also, in the case of In re Niernsee’s Estate, 1941, 147 Fla. 388, 2 So.2d 737, 739, it was stated that the probate court “is a court of general jurisdiction” in regard to all matters within its cognizance and that the probate of a will is within the exclusive jurisdiction of a probate court.
The case of Pournelle v. Baxter, supra, [142 Fla. 517, 195 So. 165] was an equity proceeding brought in the circuit court to have a will, which was admitted to probate and was being administered in a county judge’s court, revoked and cancelled and to establish and probate another will of a prior date. On motion, a decree was entered dismissing the complaint, and from that decree the appeal was entered. In affirming the court below, the Supreme Court said:
“Courts of equity have not been given express jurisdiction to take probate of wills or to revoke or to cancel wills or exclusive jurisdiction to establish lost or destroyed wills; and statutes may confer upon county judges, as probate judges, jurisdiction of the establishment of lost or destroyed wills as a part of the duties usually pertaining to courts of probate, within the intendments of the Constitution.
“As the court of equity has not express power to probate or to revoke a will, and as the county judge, being a probate judge, has jurisdiction to take probate of wills, to revoke wills that have been probated and to establish lost or destroyed wills, and has probated the will of 1934 now being administered in that court under the Constitution and laws of Florida, a proceeding that is primarily designed to have one will revoked, annulled or can-celled and to establish and probate another will of a prior date alleged to be the last will of the decedent should be brought in the county judge’s court as a court of probate. If the county judge’s court cannot give all the relief that may be properly claimed by plaintiffs, resort may then be had to oth *336 er courts having jurisdiction as to matters collateral, incidental or supplemental to the main relief that maybe given by the court of probate, in appropriate proceedings with proper parties.”
We observe that the Ullendorff v. Brown case cited above involved an original proceeding in prohibition to restrain the circuit court from proceeding further in an equity suit to invalidate a will admitted to probate in the county judge’s court. The Supreme Court issued an absolute judgment in prohibition of proceeding further in the equity suit. It was determined that, where the same issues were raised in the prior probate proceedings in the county judge’s court, the circuit court sitting in chancery was without jurisdiction to entertain an equity suit praying that the will of the deceased be declared invalid, and praying in the alternative that plaintiff as the surviving spouse who married the deceased after the making of the will should receive his intestate share and that the defendants claiming to be the children of the deceased should be declared not to be the deceased’s children.
The case of Strickland v. Peters, 5 Cir., 120 F.2d 53, concerned an appeal from the district court, Southern District of Florida, wherein heirs of the deceased sought to invalidate wills and certain deeds as void for want of capacity and for fraud and undue influence. On appeal, it was held that the lower court was without jurisdiction to determine the validity of the wills, even though such wills had not been admitted to probate. The appellate court said that in almost all the states the validity of a will, as such, is tried exclusively in a court of probate whose judgment on it is in rem binding the world. The court further commented that such is the case in Florida. The appellate court held that the federal court sitting in Florida had no jurisdiction to adjudge the validity of a will and that under the state law the validity of a will must .be tried exclusively in a court of probate, since a court of equity has no jurisdiction to pass upon the validity of a will, as such. See also the general authorities: 95 C.J.S. Wills § 354b, pp. 207-208; and 57 Am.Jur., Wills, section 773, p. 527, and section 964, p. 630.
Although the Florida cases with which we have dealt in this opinion were decided before the adoption of the present Article 5, nevertheless, as we have heretofore noted, the jurisdiction constitutionally pertaining to probate matters is identical with that provided in the former article. Consequently, we conclude that the jurisdiction lies exclusively in the county judge’s court to decide the validity of a will, as such, and that there is no concurrent jurisdiction conferred upon the circuit court for that purpose.
There has been no final adjudication as will support an appeal. Since the order is interlocutory in nature, the question then arises whether the remedy of common law certiorari is available. The common law writ of certiorari is a discretionary writ and ordinarily will not be allowed by an appellate court to review an interlocutory order since such an order may be corrected through appeal. However, in an exceptional case, as where the lower court has acted without and in excess of its jurisdiction or where an interlocutory order does not conform to essential requirements of law and may reasonably cause material injury throughout subsequent proceedings for which the remedy of appeal will be inadequate, an appellate court may exercise discretionary power to issue such writ. Kilgore v. Bird, 1942, 149 Fla. 570, 6 So.2d 541; Saffran v. Adler, 1943, 152 Fla. 405, 12 So.2d 124; Kauffman v. King, Fla.1956, 89 So.2d 24; Easley v. The Garden Sanctuary, Inc., Fla.App.1960, 120 So.2d 59; and 5 Fla.Jur., Certiorari, section 12, p. 496, and section 31, pp. 526-531.
The problem here more readily falls within the category of the question whether *337 there has been such a departure from essential requirements of law as will authorize certiorari. What constitutes a departure from the essential requirements of the law has not been clearly defined and depends upon the particular case, but in considering petitions for such writs, the inquiry as to what the term includes frequently, if not always, presents itself. 5 Fla.Jur., Certiorari, section 31, p. 526; and see Flash Bonded Storage Co. v. Ades, 1943, 152 Fla. 482, 12 So.2d 164. In determining whether there was such a departure, the reviewing court may ascertain whether the court below proceeded in conformity with basic principles of law relating to the procedure for reaching the ultimate decision of the cause. American Nat. Bank v. Marks Lumber & Hardware Co., Fla. 1950, 45 So.2d 336.
In the present case the effect of the county judge’s order was to relinquish jurisdiction to another independent court lacking jurisdiction for passing upon the validity of the will which had previously been probated in the county judge’s court and over which that court had assumed jurisdiction. The subject matter of the will’s validity, as such, in the court to which it had been yielded would be involved with other issues under different pleadings. As we have indicated, the question of a will’s validity reposes within the exclusive jurisdiction of the county judge’s court as a probate court. Moreover, the county judge’s court is the proper forum to probate a will and to effectuate the administration of an estate under the will.
Where the vested probate jurisdiction of the county judge’s court is properly invoked, the judge is not authorized to decline to exercise it. This being so, the county judge acted without authority of law when he relinquished his jurisdiction. Insofar as the probate proceeding is concerned, the petitioners have been deprived of the right of appeal, as there is no final adjudicated order in that court from which the appeal could be taken. What we have here is not merely an erroneous ruling on the law but rather a jurisdictional matter which we view as being in violation of essential requirements of law. Having thus concluded, we find that the proceeding here comes within the remedy of certiorari, and the contention of the petitioners should be upheld. Accordingly, the order entered by the county judge should be quashed.
Quashed and remanded.
ALLEN, C. J., and KELLY, CLIFTON M., Associate Judge, concur.