No. 21690.

ALEX WILLIAM BEERE, JR., ET AL. *v.* G. RUSSELL MILLER, ONE OF THE JUDGES OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF COLORADO.
(403 P.2d 862)

Decided July 6, 1965.

RICHARD D. DITTEMORE, for petitioners.

MURRAY, BAKER & WENDELKEN, DICKERSON, MORRISSEY & DWYER, MURPHY, MORRIS & HODSON, TULLIS, CRAIG, KRUSE, STUMBO & MCGINLEY, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

ALEX WILLIAM BEERE, JR., and Vernon F. Beere filed a petition in this court seeking relief in the nature of mandamus to compel the district court in and for the Fourth Judicial District, State of Colorado, sitting in El Paso County, to exercise its proper jurisdiction in an estate pending in that court wherein petitioners sought to exhume the body of a decedent, Jewel Curry Beere. An order was issued to the district court to show cause why the relief sought should not be granted, and upon response by the judge thereof, the matter is now at issue.

We will refer to the parties as petitioners and respondent.

Petitioners allege that they are the sons and heirs at law of one Alex William Beere by a previous marriage. Their father entered into another marriage with the former Jewel Curry. On September 3, 1964, near Walsenburg, their father and stepmother were killed in an automobile accident and no determination was made as

504

to who died first. Their stepmother left a will naming The First National Bank of Colorado Springs as executor, and on September 15, 1964, the bank filed its petition for probate of the will and for letters testamentary. In the citation to attend the probate of the will neither the deceased husband as devisee nor his heirs were listed as having any interest in the property of the decedent.

Under the terms of the will a tract of Texas real estate was devised to petitioners' father with the proviso that if he predeceased her, then the property would pass to a charitable trust created under a clause disposing of the residuary property after all bequests were carried out. Therefore petitioners allege that as their father's sole and only heirs (if the stepmother predeceased him) they have an interest in the property. An affidavit of a pathologist filed with the petition indicated that an autopsy could determine how long each survived after the accident. The petitioners allege that an autopsy is being performed on the body of their father.

The trial court granted a motion filed by the executor dismissing the petition to exhume the body. The court gave as its reasons two grounds: (1) that petitioners had no standing before the court in the estate proceedings and were not the proper parties to secure the disinterment and (2) that the court sitting in probate was without jurisdiction to enter the order because the body sought to be exhumed was in Las Animas County. It is to this order of the court refusing to take jurisdiction of the matter that these proceedings are directed.

█ On the basis of the pleadings in the trial court and from the record in the estate it appears that the petitioners are proper parties, have standing in the estate, and have an interest in the distribution of property in the estate. Without the evidence which they seek to present to the court they may be deprived of their interest in the Texas property in which they have some claim. The extent of their interest would depend upon

the question of survivorship, and evidence on this vital issue is necessary for the court to make proper distribution under the will.

The Texas property described in the will as "906 East Grayson Street, San Antonio, Texas, together with all buildings and improvements located thereon or used in connection therewith, and all appurtenances thereto, together with all tangible personal property situate therein" was held, according to the record, by Jewel Curry Beere and Alex William Beere as joint tenants. If, therefore, the evidence sought by these petitioners established that their father survived their stepmother, title to the property would vest in him as a surviving joint tenant and petitioners would have an interest in either the entirety of the property or possibly in one-half thereof, either by Texas law or under the terms of the will. *McAnulty v. Ellison* (Tex.) 71 S.W. 670; *Atkins v. Dodds* (Tex.) 121 S.W.2d 1010.

■ According to the notice of hearing for probate of the will, the executor was apparently acting upon the assumption that the elder Mr. Beere had died first and that the property was to be disposed of under the residual clause in the will. The refusal of the court to recognize petitioners as the heirs of a devisee in the will was tantamount to a determination without any evidence that Mr. Beere had predeceased his wife, and was not entitled to the devise to him in the will. This was error.

■ As to the matter of jurisdiction, it is to be noted that the petition for exhuming the body was filed at a time subsequent to the effective date of the new judicial article to the State Constitution, Article VI, section 9. The matter being then before the district court, that court has statewide jurisdiction to issue orders of the kind sought here. The court, wherein the estate of the person sought to be exhumed is filed, has jurisdiction. *Ullendorff v. Brown,* 156 Fla. 655, 24 So.2d 37.

The rule is made absolute and the court is ordered to

reinstate the proceedings and take appropriate action not inconsistent with the views herein expressed.

MR. JUSTICE MCWILLIAMS dissenting.

MR. JUSTICE MOORE not participating.

MR. JUSTICE MCWILLIAMS dissenting:

I must respectfully dissent. In my view the rule to show cause which has heretofore issued from this court should be discharged for the reason that the petitioners in this court are not parties in or to the probate proceedings now pending in the trial court. It should be noted that the petitioners are not named as devisees or legatees in the will of their stepmother, Jewel Curry Beere, or are they in any manner referred to therein. Nor is either of the petitioners the personal representative of their deceased father, Alex William Beere. The petitioners have filed no claim of any type against the estate of their stepmother. The petitioners somewhat vaguely allude to the possibility that they may in the future in some manner contest the will of their stepmother, which will has now been admitted to probate. But as of the moment such is not a reality, only a suggestion of what might happen. It is for these reasons that I would hold that the petitioners are strangers to the probate proceedings now pending in the trial court and hence not being a party thereto are in no position to enjoy the discovery procedures which they seek to utilize.