STURGIS, Judge.
This is an appeal from an order of the County Judge’s Court in and for Duval County, Florida, entered September 29, 1965, entitled “Order on Distributive Share of James Hawkins Wilson,” entered in the matter of the estate of Wade H. Wilson, deceased, therein pending.
The will of Wade H. Wilson, deceased, bequeathed an aliquot part of his residuary estate to the children of testator’s deceased brother, James Wilson, share and *284 share alike, limited, however, to such children as were living at the time of the death of testator’s wife.
The appellant executors filed in the County Judge’s Court a petition under Section 734.25, Florida Statutes, F.S.A., for determination of beneficiaries, alleging inter alia that said James Wilson, deceased, had two children, namely, James Hawkins Wilson and Frances Katherine Wilson Bishop, hereinafter called Mrs. Bishop (a party appellant to this appeal), and that petitioners did not know whether said James Hawkins Wilson was alive or dead. Citation was duly issued and published, requiring said James Hawkins Wilson and all unknown persons claiming any beneficial interest in said estate to file their defenses to said petition, failing which the court would proceed ex parte to enter an order and judgment therein in due course. Mrs. Bishop filed an answer alleging that she is the only surviving child of said James Wilson and as such is entitled to the full share in question. A guardian ad litem was appointed to represent the interests of all unknown persons, and also that of James Hawkins Wilson (Mrs. Bishop’s brother) and any persons claiming by, through or under him. The guardian’s answer alleged, in substance, that his investigation as to James Hawkins Wilson was incomplete, and prayed that any adjudication in respect to his interest be deferred until he could file a supplemental answer.
Pursuant to a hearing on the petition and presentation of testimony, the court of probate entered an order directing the guardian ad litem to make further investigation as to the status of James Hawkins Wilson. The guardian thereafter filed a supplemental answer, alleging that said person was not in the military service of the United States and that he was last heard from in St. Petersburg, Florida, over thirty-five years ago, and - submitting that the whereabouts of said person was unknown, that it was not known whether he was living or dead, that his status as a husband or father was unknown, and suggesting that the share to which he might he entitled if living be paid into the registry of the court to await further action thereon. The executors thereupon filed their petition for authority to disburse the distributive share bequeathed to the children of Janies Wilson to his daughter, Mrs. Bishop, as his only living child and the party entitled.
On September 29, 1965, the County Judge’s Court entered the order appealed, to the following effect:
1. That the claim of Mrs. Bishop as the only surviving child of James Wilson, deceased brother of the testator, to all of the distributable share in question be denied, and that the petition of the executors for authority to disburse to her the entire share in question be denied.
2. That Mrs. Bishop might at her option proceed under Section 734.32, Florida Statutes, F.S.A., in Pinellas County, Florida, “being the jurisdiction in this state where James Hawkins Wilson was last heard from,” and in due course present to the Duval County court copies of the record in such proceedings in Pinellas County,, whereupon the Duval County court would reconsider her claim to the entire share, excluding her brother, James Hawkins Wilson.
3. That if Mrs. Bishop failed within 60' days from September 29, 1965 (the date of the order), to institute such proceedings in Pinellas County, the appellant executors shall, under the provisions of chapter 65-207, Laws of Florida 1965, deposit in the registi-y of the circuit court the sum of $6,400.00, “being the amount * * * to which James Hawkins Wilson is entitled.”
Mrs. Bishop elected not to proceed as-indicated, reasserted her claim to the entire share, and joined in this appeal to review said order.
The application and scope of F.S. 734.25 F.S.A., were dealt with in In Re Monk’s Estate, 155 Fla. 240, 19 So.2d 796 (1944). In that case the administrator petitioned *285 under a predecessor statute (Section 734.25, Florida Statutes 1941) for a determination of beneficiaries, and the jurisdiction of the County Judge’s Court was assaulted on the ground that the relief sought was available only in a court of chancery. The County Judge’s Court held that it had jurisdiction and was affirmed by the circuit court. On appeal to the Supreme Court of Florida (as was then available) the judgment of the circuit court was affirmed. Discussing the attack on F.S. 734.25, F.S.A., the court said:
“The challenged Section, supra, was designed to establish the procedure observable in obtaining an adjudication by the County Judge’s Court of the question of who are the distributees, legatees, or beneficiaries of the property of a decedent and the amounts and shares to which each may be entitled. The exclusive jurisdiction to determine the question is vested in the County Judge’s Court, not only by Section 182, supra (Section 734.25, supra) but by Section 17 of Article 5 of the Constitution of Florida.
“Section 17 of Article 5, supra, after enumerating or reciting the constitutional duties of the County Judge’s Court in settling and administering estates of decedents, employs broad and comprehensive language viz.: ‘and (the County Judge’s Court shall) discharge the duties usually pertaining to courts of probate.’ ‘Probate duties’ contemplates the probation of wills, issuance of letters testamentary or administration, collection of debts, allowance or disallowance of claims, ordering the sale of real estate, approval of final accounts, distribution of the property of the estate, hearing testimony and ascertaining the heirs, legatees, distributees or beneficiaries entitled to receive the estate of a decedent, and the amounts and shares thereof. The County Judge’s Court, generally speaking, has the exclusive power to do all things necessary in the settlement of an estate of a decedent from the probation of a will or the issuance of letters of administration to the completion of the administration thereof and the entry of an order of discharge of the legal representative. * * * ”
The dommon-law presumption of death arises immediately upon the expiration of the seven years unexplained absence. Section 734.32 et seq., Florida Statute, F.S. A., provides nothing more than a procedure by which to judicially establish the presumption of death which has already arisen by the passage of time. Groover v. Simonhoff, 157 So.2d 541 (Fla.App.1963). It is not necessary to have an administration on the estate of a person believed to be dead in order to have the benefit of the presumption of death for the purposes of an independent proceeding as here involved. The procedures provided by the Florida Probate Law and which were followed in the administration of this estate suffice to protect and afford due process to adjudicate the interests, if any, of James Hawkins Wilson and those claiming by, through or under him, and the burdensome conditions imposed on Mrs. Bishop to exclusively take and enjoy the subject bequest are not warranted in law or in fact.
In light of the pleadings and proofs in this cause, it was the duty of the court to enter an order authorizing the distributive share in question to go to appellant Frances Katherine Wilson Bishop exclusively, and it was error to require as a condition precedent that she take the collateral proceedings indicated in Pinellas County. It follows that the executors should not be required to deposit the subject funds in the registry of the Circuit Court of Duval County. To the extent indicated, therefore, the order appealed is reversed and this cause is remanded for proceedings consistent herewith.
RAWLS, C. J., and JOHNSON, J., concur.