**In the Matter of the ESTATE of Frank C. TONG, Deceased.**

**Frank Shane TONG, Proponent–Appellant,**

v.

**Shirley Ann TONG, Personal Representative, Respondent–Appellee.**

No. 80CA0069.

Colorado Court of Appeals, Div. I.

Oct. 23, 1980.

Richard B. Bauer, Westminster, for proponent–appellant.

Bettenberg, Stipech, Miller, Makkai & Dowdle, Dennis M. Miller, Denver, for respondent–appellee.

KIRSHBAUM, Judge.

Proponent, Frank S. Tong, appeals an order of the trial court refusing admission to probate of two instruments and denying claimant's request to exhume the body of decedent, Frank C. Tong, for purposes of an autopsy. We affirm the denial of the admission of the documents to probate, reverse the denial of the request for exhumation, and remand the cause for further proceedings.

The record reveals that the two documents in question are identical in content; that each was dated January 10, 1975; and that each was executed by decedent, witnessed by the same two witnesses, and verified by the same notary public on the same day. One of the documents contains original typing; the other is a carbon copy of the original. On March 7, 1979, decedent wrote the following statement on the face of the executed carbon copy: "This Last Will & testament is now null, & void . . . ." The executed carbon copy also contains numerous obliterations. The original, which was not in decedent's possession at his death, contains no similar language or obliterations.

The proponent contends that the typed original document should have been admitted to probate because it was not revoked. We disagree.

A will is revoked if, with intent to revoke, a testator performs any one of the acts deemed sufficient by statute to effectuate a revocation. Section 15–11–507(2), C.R.S. 1973; *Bailey v. Kennedy*, 162 Colo. 135, 425 P.2d 304 (1967). The proponent does not challenge the trial court's conclusions that the requisite *animo revocandi* was established and that the executed carbon copy was cancelled. Rather, he contends that

the trial court erred in concluding that cancellation of the executed carbon copy effected a cancellation of the typed original document.

■ This precise question has not been addressed in this jurisdiction. However, other jurisdictions confronted with the issue have, with few exceptions, adopted the rule that a testator's cancellation of a duplicate original or fully executed carbon copy of a will which is in the testator's possession at his death raises a presumption that the testator intended to cancel the other duplicate original or the original will in the possession of another. *In re Holmberg's Estate*, 400 Ill. 366, 81 N.E.2d 188 (1948); see *King v. Bennett*, 215 Ga. 345, 110 S.E.2d 772 (1959); *In re Estate of Minsky*, 46 Ill. App.3d 394, 4 Ill.Dec. 884, 360 N.E.2d 1317 (1977); *In re Estate of Travers*, 121 Ariz. 282, 589 P.2d 1314 (Ariz.App.1978). Of course, the presumption, as other evidentiary presumptions, may be rebutted by evidence. *In re Holmberg's Estate, supra.* This presumption is based upon the policy consideration that, absent contrary evidence, acts of revocation are presumed to be intentional. *See In re Barrie's Will*, 393 Ill. 111, 65 N.E.2d 433 (1946). We find the reasoning and policy considerations articulated in the aforementioned cases persuasive, and adopt the presumption for this jurisdiction.

The proponent here offered no evidence to suggest that the decedent did not intend to revoke both documents. Hence, the trial court's conclusion was correct.

■ The proponent also contends that the court erred in concluding that it had no jurisdiction to grant or deny the proponent's request for an autopsy. We agree. Upon a sufficient showing of necessity, a probate court has jurisdiction to authorize exhumation and autopsy of a body located within its jurisdiction. *Beere v. Miller*, 157 Colo. 502, 403 P.2d 862 (1965).

The order of the trial court is affirmed insofar as it denies the admission of the two documents into probate. The order is reversed insofar as it denies the proponent's request for exhumation on jurisdictional grounds, and the cause is remanded for further proceedings in conformity with this opinion.

COYTE and VAN CISE, JJ., concur.