ESTATE OF KUHN: STATE, Appellant, vs. STIEG, Executor, Defendant: CONSUL GENERAL OF THE U. S. S. R., Respondent.

*March 12—April 12, 1946.*

476

For the appellant there were briefs by the *Attorney General,* *James Ward Rector,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

*A. J. Sapiro,* attorney, and *A. W. Richter* of counsel, both of Milwaukee, for the respondent.

ROSENBERRY, C. J.    Sec. 318.03 (2), Stats., provides:

"(2) *Unclaimed legacies and shares.* Except as provided in section 331.42, if any legacy or share of intestate property shall be refused or shall not be claimed by the legatee or heir within one hundred twenty days after the entry of final judgment by the county court, or within such time as shall be

designated in said final judgment, the executor or administrator shall convert the same into money and pay it to the state treasurer for the state school fund, and it shall be part of said fund until and unless refunded as in this section provided."

Counsel for the Russian consulate contended that the judgment of the county court should be affirmed on the ground that the accredited representative of a foreign government has a right to the possession of a legacy of his nationals living within the limits of his country. It appears from the recitals in the will that the legatee, Hugo Ederman, resided in Omsk, Russia. In support of this contention counsel cites 3 C. J. S., Ambassadors and Consuls, p. 1026, sec. 15b, and the cases cited in the margin in support of the text and other cases. Neither the text nor the cases support counsel's position. They do not deal with a factual situation like the one in this case. Here we have a resident of Wisconsin, subject to the laws of Wisconsin, whose estate is administered by the courts of Wisconsin in accordance with the provisions of applicable Wisconsin law. Wisconsin has a statute which provides that if any legacy or share of intestate property shall be refused or shall not be claimed by the legatee or heir within one hundred twenty days after the entry of final judgment, the executor or administrator shall convert the same into money and pay it to the state treasurer. The word "heir" refers to the heir of intestate property. There was no intestate property in this estate. The Russian consul general contends that he appeared on behalf of the next of kin of Adolf Kuhn and therefore has a right to intervene in their behalf. Hugo Ederman is not next of kin of Adolf Kuhn. He was a stepson of Adolf Kuhn. The authorization to appear in the matter of the estate of Adolf Kuhn does not purport to authorize an appearance on behalf of Hugo Ederman. No one appearing to claim the legacy due Hugo Ederman, under the terms of the will, the Wisconsin statute applies and the amount of his legacy should be paid to the state of Wisconsin. The legacy

does not lapse if unclaimed but the state of Wisconsin takes by operation of law. Sec. 238.13, Stats., does not apply because no heir of Hugo Ederman appeared. As the legacy does not lapse, the heirs of the testator have no interest in the unclaimed legacy.

The applicable provision of the judgment of the county court was as follows:

"It is my determination that the estate should be distributed under the residuary clause in the will after the payment of any lawful fees or expenses to Mathilda Tews of the town of Larrabee, one half and to the Russian consulate on behalf of Hugo Ederman, one half."

The Russian consulate having no authority to appear for or on behalf of Hugo Ederman and by the terms of the statute, the state of Wisconsin being successor to the rights of Hugo Ederman in the unclaimed legacy, the court was in error in adjudging payment to the Russian consulate. The estate should be distributed one half to Mathilda Tews and one half to the state of Wisconsin after payment of the proper expenses.

We find no provision in the statutes which authorizes payment of the costs of the Russian consulate out of the estate of the deceased under the facts of this case. The trial court erred in making the award of costs complained of.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

RECTOR, J., took no part.