PER CURIAM.
The decision here reviewed, In re Estate of Jacob Tim, Fla.App.1964, 161 So.2d 40, has been certified to this court by the Dis *162 trict Court of Appeal, Third District, as one which “passes upon a question * * * of great public interest.” We have jurisdiction under Section 4(2), Article V, Florida Constitution, F.S.A. See Susco Car Rental System of Florida v. Leonard, Fla.1959, 112 So.2d 832.
The history of the litigation and factual background are set forth in considerable detail in the decision of the appellate court, supra, 161 So.2d 40. For our purposes, all that is necessary is a brief summary.
The decedent, Jacob Tim, died intestate in Miami Beach, Florida, in 1954. In 1956 the administrator of his estate filed in the County Judge’s Court of Dade County a petition for the determination of heirship of the decedent’s estate, as authorized by Section 734.25, Florida Statutes, F.S.A. In response to the publication of citation some fifty-three persons, claiming to be nephews, nieces, grand-nephews, grand-nieces and cousins of varying degrees to the decedent, appeared to litigate their respective claims. In 1960 the State of Florida, through its Attorney General, filed in the proceedings a Claim of Escheat under the provisions of Sec. 731.33, Florida Statutes, F.S.A.
The County Judge, after considering voluminous testimony in the form of depositions and hearing the testimony of other witnesses, entered his Order finding that “no claimant and no person in these proceedings claiming as an heir or beneficiary is entitled to the property and estate of the decedent” and ordering that the said estate be escheated to the State of Florida in accordance with Sec. 731.33, Florida Statutes, F.S.A.
On appeal, the District Court of Appeal, Third District, reversed, the basis of its decision being that the County Judge erred in failing to find that one group of five claimants (the so-called Rudawski Group) had established their “status” as nephews, grand-nephews and grand-niece, respectively, of Jacob Tim. The finding of the County Judge as to the remaining claimants was affirmed, although the appellate court noted in its opinion that
“We cannot say that the evidence supporting the claims of the appellants (Rudawski Group) is the exclusive of other heirs, but none of the other claimants have met the degree o,f proof required.”
The cause was remanded to the County Judge “with directions to enter an order in accordance with the views herein expressed.” — presumably to order distribution of the entire Florida estate to the five persons comprising the Rudawski Group.
The critical point to be resolved here— and one which has not heretofore been decided by this court — has to do with the proof required before the estate of a decedent may be escheated to the State under Sec. 731.33, supra. The respondents (the so-called Rudawski Group, who were successful on the appeal from the County Judge’s order) contend that in escheat proceedings “the burden is upon the State to prove that heirs do not exist” and that the escheat statute “is liberally construed in favor of the existence of heirs and against the State of Florida.” The State contends, on the other hand, that its duty is performed when it shows that, after diligent search and inquiry, no person or persons “entitled to the property” can be found, and that, thereafter, the burden is upon the claimants to prove their particular relationship to the decedent as the next of kin who are entitled, under the statute of descent and distribution, to his estate. We have concluded that the State’s contention is supported by both reason and authority.
Sec. 731.33(1) reads as follows:
“(1) Whenever any person dies leaving property and without being survived by any person entitled to the same, such property shall escheat to the state.”
The mere fact of a blood relationship with the deceased does not, of it *163 self, establish a right to share in his estate. Cf. Stone v. Citizens State Bank, 1912, 64 Fla. 456, 59 So. 945. Our Statute of Descent and Distribution, Sec. 731.23, Florida Statutes, F.S.A. establishes the order of succession of an intestate’s property in this state; and to be “entitled” to inherit a share of the estate there must be no other persons of a class having a prior right, under the established order of succession, to such estate. See 10 Fla.Jur., Descent and Distribution, Sec. 40. The burden of proving the existence of the state of facts upon which the statutory right to inherit depends should be upon the one asserting such statutory right. See 20 Am.Jur., Evidence, Sec. 135, p. 140. It was so held in In re Miller’s Estate, 87 Wash. 64, 151 P. 105. The court there said, and we agree:
“It is true that the burden in the first instance rests upon the state to overcome by competent evidence the presumption that the decedent left heirs capable of inheritance. But this presumption is not so broad, nor the burden so onerous, as counsel seem to assume. While there is a presumption that there is somewhere some one next of kin to every decedent, there is no presumption that any particular persons are his next of kin, or that his next of kin are ascertainable. The state’s burden is met when, in addition to proof of the actual death, nonmar-riage, and intestacy of the propositus, it has been shown that after diligent search and inquiry the state has been unable to find that he left ascertainable heirs. Any other rule would render an escheat impossible by making the presumption that there are next of kin to every intent an irrefragable presumption. When the state has shown these things it has established prima facie the escheat of the property. The burden is then upon a particular claimant to prove by the ordinary rules and competent evidence that he is in fact the next of kin. This is not shifting the burden of proof, but is a mere progress of proof directed to an independent issue, the affirmative of which is in the nature of the case at all times upon the claimant of the property. He must prove his title.” (Emphasis added.)
See also State v. Grooms, 110 Colo. 264, 133 P.2d 379, and People v. Fulton Fire Ins. Co., 25 Wend. (N.Y.) 205, 216.
We think that there can be no doubt that all claimants, including the Rudawski Group, failed to carry their burden of showing that they, or any of them, are entitled to the decedent’s estate. Further, we feel and so hold that all the claimants appearing in this probate proceeding have had their day in court and their rights have been adjudicated. See F.S. 731.33, F.S.A. Accordingly, the decision of the appellate court reversing the order of the County Judge, who based his findings and conclusions upon substantial competent evidence, cannot stand.
For the reasons stated, the decision here reviewed is quashed, and the cause remanded with directions to affirm the decision of the Probate Court.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL, O’CONNELL and CALDWELL, JJ., concur.
THOMAS, J., heard the argument but did not participate in the decision.