PER CURIAM.
Moshe Faskowitz appeals that portion of a probate order determining heirs and directing that one-half of the property of the Estate of Irving Faskowitz, a/k/a Irving Fisk, was to be deposited with the clerk of court. The order indicated that the ruling was pursuant to section 733.816, Florida Statutes (1999), which governs the disposition of unclaimed property held by personal representatives. We reverse the order in part and remand for further proceedings.
At the time of his death, Irving Faskow-itz had a will, devising all his property to his wife. Unfortunately, Irving’s wife predeceased him, and his will did not name an alternate beneficiary. The probate court appointed a personal representative for Irving’s estate. A petition for determination of heirs was filed by Moshe Faskowitz in which he asserted that he and his sisters, Miriam Greenfield, Brandy Tuchman,, and Michel Treister, were Irving’s intestate heirs entitled to receive his intestate property after the lapse of the devise to Irving’s wife.
The probate court entered a written order, which found that Irving left no lineal *392 descendants. It determined that Moshe Faskowitz and his sisters were the paternal kindred of the deceased. The court found, however, that “[n]o evidence has been presented by the alleged paternal heirs that no maternal kindred of the Deceased exist.” The probate court directed that one-half of the property of the estate be distributed to Mr. Faskowitz and his sisters. The remaining one-half of the property was to be held by the clerk of court in accordance with section 733.816 for the unknown maternal kindred. Pursuant to the statute, this property eventually will escheat to the State if no maternal heirs are located. The personal representative was directed by the probate court to take all necessary steps to close the estate expeditiously.
Mr. Faskowitz contests only the portion of the order directing that one-half of the property of the estate be held by the clerk in accordance with section 733.816. Mr. Faskowitz argues that no property of the estate should escheat to the State when it has been established that there are surviving heirs of the deceased. Further, he asserts that evidence presented by the genealogist retained by the personal representative established that there were no surviving maternal heirs.
The administration of the estate commenced with the filing of the petition for administration on July 29,1999. However, it was not until January 2002 that the personal representative was authorized by the probate court to retain a genealogist to perform a diligent search for Irving’s kindred. The probate court entered an order on October 21, 2002, authorizing the personal representative to forward an additional retainer to the genealogist “with instructions to initiate research concerning the decedent’s maternal kindred.”
In a report dated May 21, 2003, the genealogist summarized her search for the maternal kindred. The report identifies no surviving maternal kindred. Although the genealogist had discovered the maiden name of Annie, Irving’s mother, she had been unable to complete her search. The genealogist required additional time to obtain records which she hoped would contain accurate and verifiable information about Annie and her family. The personal representative also supplied documentation to the court in October 2003, which demonstrated that she had sought records from the federal government concerning Annie which had not been forthcoming.
The trial was conducted on December 2, 2003, and the probate court entered its order determining heirs on January 14, 2004. In the order, the probate court stated that the genealogist supplied the court with reports of her diligent search and noted that she testified at the trial. However, the probate court did not make a finding in the order that the personal representative had completed a diligent search for Irving’s maternal heirs.
We agree with Mr. Faskowitz that the trial court erred in concluding that one-half of the estate is unclaimed property that may be subjected to escheat to the State. The trial court’s ruling on this point is inconsistent with the provisions of section 732.103, Florida Statutes (1999), concerning the descent of an intestate estate. Under section 732.103(4)(c), “[i]f there is no paternal kindred or if there is no maternal kindred, the estate shall go to such of the kindred as shall survive.” Pursuant to this provision, in the absence of any maternal kindred of Irving Faskowitz, his paternal kindred — namely, the appellant and his sisters — are entitled to inherit the whole estate. The State does not have a right to half of an intestate estate when there are lawful heirs under section 732.103. The two specific provisions of the Florida Probate Code governing the es- *393 cheat of estate property — sections 732.107 and 733.816 — do not in any way displace the rule of descent set forth in section 732.103(4)(c).
Section 732.107(1) simply provides that “[w]hen a person leaving an estate dies without being survived by any person entitled to it, the property shall escheat to the state.”[1] Here, the paternal kindred have established their status as lawful heirs under section 732.103(4)(e). Accordingly, the predicate for the operation of 732.107(1)— that “a person leaving an estate [has] die[d] without being survived by any person entitled to it” — does not exist in this case.
Similarly, the provisions of section 733.816 concerning the disposition of unclaimed property held by personal representatives do not defeat the rights the paternal kindred here have under section 732.103(4)(c). Section 733.816(1) addresses circumstances where “unclaimed property in the hands of a personal representative ... cannot be distributed or paid ... because of inability to find [the lawful owner] or because no lawful owner is known.” Neither of these circumstances have been established here. Unless it is shown that there are maternal kindred entitled to inherit from the estate, the paternal kindred are the “lawful ownerfs]” of the entire estate. Contrary to the trial court’s ruling, there is nothing in the statutory scheme suggesting that once claimants have established their status as lawful heirs the State is entitled to escheat of a portion of the estate simply because there is uncertainty concerning whether there may be other lawful heirs.
Nothing in the case law cited by the appellees undermines this straightforward interpretation of the relevant statutory provisions. The appellees rely primarily on two cases to support the trial court’s ruling. The appellees cite In re Estate of Tim, 180 So.2d 161 (Fla.1965), and In re Estate of Russell, 387 So.2d 487 (Fla. 2d DCA 1980), for the proposition that the paternal heirs had the burden of proving the nonexistence of maternal heirs in order to avoid the operation of the statutory provisions providing for escheat of unclaimed estate property. Neither Estate of Tim nor Estate of Russell supports the position advanced by the appellees.
In Estate of Tim, the issue was whether there were any lawful heirs of the intestate decedent. The court pointed out that “all claimants” to the estate “failed to carry their burden of showing that they, or any of them, are entitled to the decedent’s estate.” 180 So.2d at 163. Addressing “[t]he critical point” concerning “the proof required before the estate of a decedent may be escheated,” 180 So.2d at 162, the court observed:
“While there is a presumption that there is somewhere some one next of kin to every decedent, there is no presumption that any particular persons are his next of kin, or that his next of kin are ascertainable. The state’s burden is met when, in addition to proof of the actual death, nonmarriage, and intestacy of the propositus, it has been shown that after diligent search and inquiry the state has *394 been unable to find that he left ascertainable heirs. Any other rule would render an escheat impossible by making the presumption that there are next of kin to every intent an irrefragable presumption. When the state has shown these things it has established prima facie the escheat of the property. The burden is then upon a particular claimant to prove by the ordinary rules and competent evidence that he is in fact the next of kin. This is not shifting the burden of proof, but is a mere progress of proof directed to an independent issue, the affirmative of which is in the nature of the case at all times upon the claimant of the property. He must prove his title.’ (Emphasis added.)
Id. at 163 (quoting In re Miller’s Estate, 87 Wash. 64, 151 P. 105 (1915)).
Under this reasoning, when property is subject to intestate succession, es-cheat is available only where it has been shown “that after diligent search and inquiry the State has been unable to find that [the decedent] left ascertainable heirs.” This places the burden on the State of establishing that there are no lawful heirs. Here, such a showing has not been made. On the contrary, the paternal heirs have established their undisputed status as lawful heirs. Estate of Tim thus provides no support for the ap-pellees’ contention — and the trial court’s ruling — that the paternal heirs had the burden of proving the nonexistence of maternal heirs. Indeed, Estate of Tim supports the appellant’s position.
Estate of Russell addressed the question of whether certain property was subject to the provision of section 732.101(1), Florida Statutes (1977), that “any part of the estate of a decedent not effectively disposed of by will passes to the decedent’s heirs” by intestate succession. The court held that “[a]n ineffective disposition” under the statute “is one which is legally ineffective rather than one where a specified beneficiary under the will cannot be found.” 387 So.2d at 489. The holding in Estate of Russell thus concerned a question of statutory interpretation that is not relevant to this case. Here, it is undisputed that the entire estate is subject to intestate succession because it was “not effectively disposed of by will.” The provision of section 732.101(1), Florida Statutes (1999), was applicable because Irving Faskowitz’s will left all his property to his wife, who predeceased him, and the will did not name an alternate beneficiary. See § 732.603(2). The principle articulated in Estate of Russell concerning property that is subject to escheat because it is not subject to intestate succession has no application to property that is unquestionably subject to intestate succession.
Since there is no basis for escheat of property where lawful heirs have established their status under section 732.103, we hold that the trial court erred in determining that one-half of the estate is subject to the provisions of section 733.816. We reverse the portion of the trial court’s order providing for disposition in accordance with section 733.816. We affirm the portion of the order directing that one-half of the estate be distributed to the paternal heirs.
Consistent with the personal representative’s duty to “distribute the estate of the decedent in accordance with ... [the Florida Probate Code],” our disposition of this case is without prejudice to further proceedings to determine whether maternal heirs exist. § 733.602(1). In the absence of maternal heirs, the remaining one-half of the estate must be distributed to the paternal heirs.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
*395 FULMER, C.J., and CANADY, J., Concur.
SALCINES, J., Concurs in result only.

. Section 732.107(1) was amended by chapters 2001-36, § 32, and 2001-226, § 17, Laws of Florida. The amended version of section 732.107(1) provides: “When a person dies leaving an estate without being survived by any person entitled to a part of it, that part shall escheat to the state.” The resolution of this case depends on the statutory provisions effective when the decedent died. See May v. Illinois Nat’l Ins. Co., 771 So.2d 1143, 1150 n. 7 (Fla.2000); Estate of Sage v. Sage, 515 So.2d 1324, 1327 (Fla. 2d DCA 1987). We express no opinion concerning whether the amended version of the statute would require an analysis different from the one we have adopted.