* CA3–84–0433–D, CA3–84–0516–D, CA3–84–0906–D, CA3–84–1136–D, CA3–84–1334–D, CA3–84–1434–D, CA3–84–1445–D, CA3–84–1446–D, CA3–84–1640–D, CA3–84–1685–D, CA3–84–1917–D, CA3–84–2063–D, CA3–85–0223–D, CA3–85–0452–D, CA3–85–0460–D, CA3–85–0511–D, CA3–85–0514–D, CA3–85–0551–D, CA3–85–0618–D, CA3–85–0619–D, CA3–85–0762–D, CA3–85–0767–D, CA3–85–1104–D, CA3–85–1144–D, CA3–85–1218–D, CA3–85–1278–D, CA3–85–1279–D, CA3–85–1291–D, CA3–85–1294–D, CA3–85–1377–D, CA3–85–1456–D, CA3–85–1462–D, CA3–85–1528–D, CA3–85–1536–D, CA3–85–1575–D, CA3–85–1576–D, CA3–85–1646–D, CA3–85–1807–D, CA3–85–1979–D, CA3–85–2052–D, CA3–85–2604–D, CA3–86–0019–D, CA3–86–0098–D, CA3–86–0231–D, CA3–86–0293–D, CA3–86–0308–D, CA3–86–0434–D, CA3–86–0446–D, CA3–86–0595–D, CA3–86–1445–D, CA3–86–1494–D, CA3–86–1503–D, CA3–86–1505–D, CA3–86–1547–D, CA3–86–1556–D, CA3–86–1601–D, CA3–86–1636–D, CA3–86–1720–D, CA3–86–1735–D, CA3–86–1747–D, CA3–86–1920–D and CA3–86–1971–D.

**In re CERTAIN ASBESTOS CASES Pending on the Docket of the Honorable Sidney A. Fitzwater.**

**Civ. A. Nos. CA3–83–1454–D***

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 31, 1986.

⟨⇒1877

**613**

Russell Budd of Baron & Budd, Dallas, Tex., Donald N. Patten, Jonathan A. Smith-George and Robert R. Hatten of Patten, Wornom & Watkins, Newport News, Va., for plaintiffs.

Gary D. Elliston and J. Carlisle DeHay, Jr. of DeHay & Blanchard, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Previously the court has held that Fed.R. Civ.P. 35 permits the conducting of an autopsy when the "good cause" and "in controversy" requirements of the Rule are sat-

isfied.[1] At the time it entered its decision the court invited written submissions from the parties regarding the manner for considering motions for autopsies and the specific requirements for such motions. Having now considered these submissions,[2] the court enters the following order for the reasons specified.

A. Who Shall Decide the Motions?

■ The court has the authority pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R. Civ.P. 53(a) to appoint the U.S. Magistrate or another person to serve as special master to decide these motions. While the court may later conclude that the use of a special master is the best approach, until the court has had an opportunity to determine one or more motions and, by so doing, afford substantive guidance to a special master and to the parties, the court will itself decide any such motions.

B. How Shall the Motions be Presented?

■ Consistent with the Supreme Court's holding in *Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964), that the court need not conduct a hearing to decide such motions, and pursuant to Fed.R.Civ.P. 43(e), the court will decide such motions on affidavits. Both the "good cause" and "in controversy" requirements of the Rule must be satisfied by the affidavit of a licensed physician.

C. "In Controversy" and "Good Cause" Standards

■ The movant shall be required to demonstrate, by the affidavit testimony, that (1) the decedent's physical condition is in controversy and (2) that an autopsy is the most medically reasonable method, considering the reasonable medical alterna-tives, for determining the decedent's physical condition at death. This requirement cannot be satisfied by a conclusory statement in the physician's affidavit that the test is met; rather, the affidavit must specifically demonstrate that the test is met. The motion must also specify the scope of the autopsy requested and demonstrate good cause for conducting an autopsy of such scope.

D. Nonmedical Objections to Autopsies

■ The court, in determining whether "good cause" has been demonstrated for conducting an autopsy, will consider whether the decedent's survivors will suffer undue spiritual, religious, personal, or emotional hardship if the decedent is required to undergo an autopsy. Objections based upon these grounds shall be supported by affidavit, which shall be deemed insufficient if stated only in conclusory terms.

E. Notification of Death

■ In order that any autopsy order entered by the court may be carried out promptly, it is essential that a decedent's survivors notify their counsel, within a reasonable time, of the death of the decedent. Notice given plaintiff's counsel within 24 hours of the decedent's death shall be presumed to be reasonable. Plaintiff's counsel shall, in turn, notify defendants' counsel within a reasonable time. Notice given to defendants' counsel within 36 hours of the decedent's death shall be presumed to be reasonable.

F. Persons Present at Autopsy

■ The examination contemplated by Rule 35 is a physical (or mental) examination conducted by a physician. Accordingly, the pathologist(s) approved by the court

---

**1.** *See* 112 F.R.D. 427 (N.D.Tex.1986). The court notes that plaintiffs, on December 22, 1986, requested the court to certify an interlocutory appeal of, and to stay, its November 10, 1986 order. The court will decide these matters after considering defendants' response, which is not yet due under the Local Rules.

**2.** The parties' submissions are relatively unhelpful. Plaintiffs essentially reargue their position for barring any autopsies, which they had an opportunity to reargue in their November 20, 1986 motion for reconsideration. Defendants outline a proposed procedure in only the most general terms.

in its autopsy order may be present, as may a pathologist(s) designated by plaintiff (who shall be present only as an observer unless otherwise ordered by the court). The pathologist conducting the autopsy may be assisted by such medical assistants as he deems necessary. Counsel shall not be present.

G. Time for and Order of Pleading

 Defendants assert in only conclusory terms that they cannot identify, in advance of death, the persons with respect to whom they will likely move for an autopsy. They fail to offer, however, any substantial medical reason to justify their position. Discovery is ongoing in these cases, both voluntarily and in accordance with Fed.R. Civ.P. 16(b) scheduling and discovery orders. Defendants offer no reason why discovery would not reveal, in advance of death, the basis for requesting an autopsy. Moreover, the administrative complications for the court and burdens on the deceased's survivors weigh heavily against deciding the motions after death.

Due to the need for prompt disposition of such motions, even in advance of death, the court will require that defendants hand-deliver any such motion, and supporting affidavits, to plaintiff's local coordinating counsel on the day the motion is filed with the clerk of court. Plaintiff shall file any response and affidavits, and hand-deliver same to defendants' local coordinating counsel, within ten (10) days. Defendants may file a written reply, without leave of court, within two (2) days after plaintiff has filed a response.

To ensure that the pleadings will be accepted for filing by the clerk's office, the parties shall state, under "certificate of conference," see Local Rule 5.1(c), that pursuant to the court's order of this date the motion is presumed to be opposed and, under "brief," see Local Rule 5.1(d), that pursuant to the court's order of this date the requirement of a brief has been vacated.

SO ORDERED.