PER CURIAM,
We deny certiorari. The order below, which, inter alia, provides for the autopsy of the body of the plaintiff in the event of his death during the pendency of this litigation,[1] does not depart from the essential requirements of the law. Instead, the order is entirely consistent with the longstanding principle that
*657 “[t]he exhumation or the autopsy of a corpse, when useful to ascertain facts in litigation, should of course be performed. Reverence for the memory of those who have departed does not require us to abdicate the high duty of doing justice to the living_”
J. Wigmore, Evidence § 2221, at 197-98 (McNaughton rev. 1961) (emphasis in original).
See Esgro v. Trezza, 492 So.2d 422 (Fla. 4th DCA), rev. denied, 501 So.2d 1281 (Fla. 1986). See also In re Certain Asbestos Cases, 113 F.R.D. 612 (N.D.Tex.1986); In re Certain Asbestos Cases, 112 F.R.D. 427 (N.D.Tex.1986).
Certiorari denied.
NESBITT and DANIEL S. PEARSON, JJ., concur.

. The order provides in pertinent part:
"1. Plaintiffs counsel shall notify the Defendants’ counsel of the death of the Plaintiff within 12 hours of Plaintiffs death.
"2. Should Plaintiff die during the penden-cy of this litigation, Plaintiffs body shall be delivered to the County Medical Examiner in the county where the Plaintiff dies so that a complete autopsy can be performed on the Plaintiff within a reasonable time of the Plaintiffs death.
"3. If for some reason the County Medical Examiner is unable or unwilling to perform this autopsy, then a physician chosen by Plaintiff shall perform said autopsy. Parties shall have the option of having a physician of their choice present during the complete autopsy.
“4. Regardless of who performs the autopsy, said person shall collect and preserve sufficient amounts of tissue so that post-autopsy microscopic analysis can be freely performed.
“5. Plaintiffs counsel shall immediately notify Plaintiff, Plaintiffs family and Plaintiffs Physicians in writing of the contents of this Order to assure compliance.”