PER CURIAM.
Appellant seeks review of the trial court’s order of dismissal in this personal injury action, entered as a sanction for failure to comply with discovery. We affirm; however, we remand to the trial court with directions.
The action was initiated by the Hammers based on the allegation that Mr. Hammer, a jeweler, allegedly contracted mesothelio-ma, a form of lung cancer, due to prolonged occupational exposure to asbestos dust from products manufactured by appel-lees. Mr. Hammer died, allegedly from mesothelioma, shortly after filing his complaint.
An emergency motion to enjoin burial and compel autopsy was filed and several hearings set. Mrs. Hammer objected to the exhumation and autopsy for religious reasons. The genuineness of her belief is not in controversy. During the hearings there was medical testimony that to link a diagnosis of mesothelioma to asbestos exposure a tissue diagnosis was necessary because not all mesothelioma is caused by asbestos exposure. The tissue samples taken from Mr. Hammer, while alive, were of a different type than those preferred in making a diagnosis of this type. They were pleural tissue samples, taken from the membrane surrounding the lungs, not lung tissue samples. An ore terms motion for sanctions and dismissal with prejudice was granted. A rehearing and the filing of an amended complaint for wrongful death had the same result.
The trial court was faced with a difficult balancing decision between the rights of appellees to have access to medical information with which to attempt to defend the claim and perhaps promote settlement, which could only be obtained by exhumation and autopsy, against Mrs. Hammer’s well-founded religious objections. Although the medical opinions were inconclusive, as they tended to show an autopsy would likely provide relevant information, the ordering of the autopsy was warranted. Esgro v. Trezza, 492 So.2d 422 (Fla. 4th DCA 1986), rev. denied, 501 So.2d 1281 (Fla.1986). We therefore affirm the trial court’s order. At that point, Mrs. Hammer chose to value protection of her husband’s memory and her religious beliefs over going forward with the suit. However, in view of the delicate sensitivities involved and the severity of dismissal as a sanction tool, we remand to allow Mrs. Hammer ten days from issuance of this mandate in which to comply with the trial court’s order and assent to autopsy, thereby preventing dismissal of the action.
DELL, WALDEN and POLEN, JJ., concur.