Andrew E. PLAISTED and Stephanie L. Plaisted, individually and as administrators of the estate of Andrew D. Plaisted, Plaintiffs,

v.

GEISINGER MEDICAL CENTER and Geisinger Clinic, Defendants.

No. 4:CV–01–1074.

United States District Court, M.D. Pennsylvania.

Oct. 15, 2002.

Charles P. Hehmeyer, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for plaintiffs.

Edward J. Zych, Geisinger System Services, Dept. of Legal Services, 30–21 Litigation Counsel, Danville, PA, Allan H. Starr, Anna Marie Bryan, White and Williams, LLP, Philadelphia, PA, for defendants.

### ORDER (# 3)

McCLURE, District Judge.

### BACKGROUND:

Plaintiffs Andrew E. Plaisted and Stephanie L. Plaisted, individually and as administrators of the estate of their son, Andrew D. Plaisted (Drew), commenced this medical malpractice action against defendants Geisinger Medical Center and Geisinger Clinic (collectively, defendants or Geisinger). We have diversity jurisdiction. *See* 28 U.S.C. § 1332.

Plaintiffs allege that agents of defendants failed, *inter alia*, to monitor properly and correct Drew's serum sodium levels on De-cember 25, 2000 and December 26, 2000, while he was admitted to the Geisinger pediatric intensive care unit. This failure allegedly caused Drew's brain to swell massively, resulting ultimately in his death.

On August 22, 2002, we entered an Order Granting Plaintiffs' Motion for Order Barring Defendants from Altering or Cutting the Brain of Deceased Plaintiff, Andrew D. Plaisted. (Order Barring Defendants from Altering Drew's Brain) (Rec.Doc. No. 43.) We found that defendants did not meet the "good cause" requirement of Federal Rule of Civil Procedure 35 because they failed to provide any explanation as to why additional samples of Drew's brain are necessary. (*Id.* at 5.) Before the court is defendants' motion for reconsideration of our Order Barring Defendants from Altering Drew's Brain. In the alternative, defendants request that we amend the Order Barring Defendants from Altering Drew's Brain to confer jurisdiction upon the Third Circuit for an interlocutory appeal under 28 U.S.C. § 1292(b).

We find that defendants have again failed to meet the "good cause" requirement of Rule 35(a). We also find that the Order Barring Defendants from Altering Drew's Brain does not "involve[ ] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). We therefore decline to amend the Order Barring Defendants from Altering Drew's Brain to allow for an interlocutory appeal. We will therefore deny defendants' motion.

### DISCUSSION:

#### I. STATEMENT OF RELEVANT FACTS

We state herein the facts as alleged in defendants' instant motion.

On July 17, 2002, plaintiffs filed a motion requesting an order from the court to prohibit additional tissue sampling of Drew's brain. In their motion, plaintiffs argued that samples taken previous to the initiation of this lawsuit by defendants' consulting neuropathologist Dr. Javad Towfighi are sufficient for neuropathology review. In support of

their argument, plaintiffs provided the affidavit of Dr. Jan Leestma, a board-certified neuropathologist, stating that the samples taken by Towfighi are adequate for neuroanalysis.

On August 22, 2002, we entered an Order Barring Defendants from Altering Drew's Brain. In the order, we found that defendants failed to establish "good cause" as required under Federal Rule of Civil Procedure 35(a), which governs the physical and mental examinations of persons. The rule provides as follows:

> (a) **Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

FED. R. CIV. P. 35(a). We noted that "[b]oth the 'good cause' and 'in controversy' requirements of [Rule 35(a)] must be satisfied by the affidavit of a licensed physician." (Rec. Doc. No. 43 at 5) (quoting *In re Certain Asbestos Cases,* 113 F.R.D. 612, 614 (N.D.Tex.1986)). We found that defendants' conclusory assertion that the determination of whether additional brain tissue samples are necessary was reserved for their then-unnamed expert was insufficient to establish "good cause" under Rule 35(a) for ordering the further examination of Drew's brain.

## II. STANDARD

Federal Rule of Civil Procedure 59(e), prescribing a ten-day time limit on motions to alter or amend judgments, "makes clear that the district court possesses the power ... to alter or amend a judgment after its entry." FED. R. CIV. P. 59 advisory committee's note. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) (citation omitted).

## III. DEFENDANTS' MOTION

Defendants request that we vacate our Order Barring Defendants from Altering Drew's Brain in order to allow their expert to make additional microscopic sections of Drew's brain for testing. It remains undisputed that Rule 35(a) applies to the instant matter and that the physical condition of Drew's brain is "in controversy." In their motion for reconsideration, defendants again argue that they have met the "good cause" requirement of Rule 35(a). To that end, defendants have provided an affidavit of Dr. Floyd Gilles, Head of the Neuropathology Program at the Children's Hospital in Los Angeles. Gilles states that he needs additional microscopic sections of Drew's brain to perform a comprehensive neuropathological review. Defendants point to the affidavit and Gilles's statements as the newly discovered evidence they present.

In the alternative, defendants ask that we amend our Order Barring Defendants from Altering Drew's Brain to include the language prescribed by 28 U.S.C. § 1292(b), thereby permitting a petition for an immediate appeal to be filed by defendants. In support of this request, defendants contend that the granting of plaintiffs' motion in this matter involves a controlling question of law as to which there is a substantial ground for difference of opinion. Specifically, defendants point to a substantial ground for difference of opinion as to whether they have met the "good cause" requirement of Rule 35(a). Defendants further contend that an immediate appeal of the Order Barring Defendants from Altering Drew's Brain will advance the ultimate termination of this matter because additional sections of Drew's brain will allow for a comprehensive neuropathological review. Defendants allege that such a review is essential in the determination of Drew's cause of death.

## A. NEWLY DISCOVERED EVIDENCE

■ According to plaintiffs, Gilles's affidavit "fails to meet the threshold standard of new evidence not previously available" because defendants could have provided the affidavit in response to plaintiffs' original motion. (Pls. Mem. Opp'n, Rec. Doc. No. 45 at 2.) We agree. In *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), the defendant filed a motion for reconsideration of the granting of plaintiff's motion for summary judgment. Defendant supported his motion with a "lengthy affidavit." *Harsco*, 779 F.2d at 908. The court denied the motion for reconsideration. *Id.* at 909. Holding that the district court did not err in denying the defendant's motion for summary judgment, the Third Circuit found that defendant submitted no new evidence when he "filed only his own affidavit containing evidence that was available prior to the summary judgment." *Id.*

Likewise, we believe that defendants have submitted no new evidence with the instant motion, inasmuch as Gilles's opinion that he needs additional microscopic sections of Drew's brain for a comprehensive evaluation was available to defendants prior to our Order Barring Defendants from Altering Drew's Brain. This is evidenced by defendants' statement prior to our Order Barring Defendants from Altering Drew's Brain that "[w]hether or not additional tissue samples are necessary is a clinical judgement that is clearly reserved for respondents' expert." (Defs.' Br. Opp'n, Rec. Doc. No. 40 at 4.) This statement indicates that at the time of our Order Barring Defendants from Altering Drew's Brain, defendants had an expert who had made a clinical judgment that additional tissue samples were necessary—the exact judgment Gilles makes in his affidavit. Under *Harsco*, then, we are not required to consider Gilles's affidavit in our disposition of the instant motion. *See Harsco*, 779 F.2d at 909.

## B. GOOD CAUSE REQUIREMENT

■ Assuming, *arguendo*, that Gilles's affidavit does constitute newly discovered evidence, we nonetheless find that defendants have again failed to meet the "good cause" requirement of Rule 35(a). Defendants emphasize repeatedly that Gilles "opines that evidence critical to the defense may only be found" in portions of Drew's brain that have not yet been sectioned. (Defs.' Mem. Supp., Rec. Doc. No. 46 at 2.) Specifically, defendants assert that Gilles wants to section the herniated portions of the parahippocampal gyri and biventral lobes of the cerebellum. (*Id.* at 2.)

It is true that "[t]he court may order . . . examination [under Rule 35] if the proposed examiners will perform tests not undertaken in the prior examinations." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 35.04[2] (3d ed.2000). However, "[n]ew tests are not sufficient cause for ordering an additional examination . . . unless the moving party satisfies the court that the new test will likely yield results not achieved in the prior examinations." *Id.* Defendants have provided nothing but Gilles's own opinion in their attempt to establish that his test will yield new results, *i.e.*, a "definite diagnosis." (Defs.' Mem. Supp., Rec. Doc. No. 46, Exs. A & B.) In contrast, plaintiffs provide affidavits from two board-certified neuropathologists as well as a report and deposition testimony from defendants' own consultant indicating that Towfighi's original samples were sufficient to complete a neuropathological evaluation of Drew's brain. (Pls.' Mem. Opp'n, Rec. Doc. No. 45, Exs. 1, 2, 3, & 4.)

Moreover, as we noted in our Order Barring Defendants from Altering Drew's Brain, "[e]ven if good cause for ordering the examination is established, the decision of whether to order a mental or physical examination under Rule 35 is still within the sound discretion of the court." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 35.05[1] (citing *Great West Life Assurance Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D.Pa.1994)). (Rec. Doc. No. 43 at 8.) "Although the rule is to be construed liberally in favor of granting the examination, the court must still balance the right of the party to be examined to avoid personal invasion against the moving party's right to a fair trial." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 35.05[1] (footnotes and citations omitted). (Rec. Doc. No. 43 at 8.)

As we found in our Order Barring Defendants from Altering Drew's Brain, we again find not only that defendants' have failed to show "good cause" for ordering additional review and cutting of Drew's brain, but also that plaintiffs' right to avoid further invasion of their son's brain outweighs defendants' asserted, but unsubstantiated, need to do additional sectioning of Drew's brain. The denial of defendants' request will have no perceived effect on their right to a fair trial. (*See* Rec. Doc. No. 43 at 9.)

## C. INTERLOCUTORY APPEAL

Defendants ask that we amend our Order Barring Defendants from Altering Drew's Brain to permit a petition for an immediate appeal to be filed by defendants. 28 U.S.C. § 1292(b) provides that:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . ."

Defendants base their request on the assertion that our having granted plaintiffs' motion involves a controlling question of law as to which there is a substantial ground for difference of opinion with respect to whether or not the "good cause" requirement of Rule 35 has been met.

First, we point out that whether defendants have met the "good cause" requirement is essentially a question of fact. To be sure, we had to decide the legal question of whether defendants met a legal standard of "good cause" set forth in a federal rule. However, to make that determination, we examined the facts set forth by both parties as to what, if any, cause defendants showed as to why they should be allowed to cut Drew's brain. *See Johnson v. Alldredge,* 488 F.2d 820, 822 (3d Cir.1973) (expressing doubt as to appropriateness for § 1292(b) review of question comprehending factual and legal matters).

■ We also find that the question of whether defendants have met the Rule 35 "good cause" requirement is not controlling. "[T]here is little doubt that a question is not controlling if the litigation would be conducted in the same way no matter how it were decided." 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 (2d Ed.1996). Our having found that defendants did not meet the "good cause" requirement of Rule 35 will have little impact on the litigation other than the proof that defendants offer at trial. This determination is closely connected to the question of whether an immediate appeal of our Order Barring Defendants from Altering Drew's Brain will advance ultimate termination of the litigation. We find that it will not. We therefore decline to amend the Order Barring Defendants from Altering Drew's Brain to allow for an interlocutory appeal.

## CONCLUSION:

We find that defendants have failed to produce newly discovered evidence in their motion for reconsideration. Considering for the sake of argument the evidence defendants claim as newly discovered, Gilles's affidavit, we find that defendants have again failed to meet the "good cause" standard prescribed by Rule 35. Because the question of whether defendants met the Rule 35 "good cause" standard is not a controlling question of law, we will not amend our Order Barring Defendants from Altering Drew's Brain to allow for interlocutory appeal under 28 U.S.C. § 1292(b). For all of the foregoing reasons, defendants' motion to reconsider is denied.

We note that plaintiffs ask for an Order compelling Geisinger to produce a neuropathology expert report as soon as possible. (Pls.' Mem. Opp'n, Rec. Doc. No. 45 at 6.) According to plaintiffs, defense counsel has taken the position that Geisinger is not obligated to produce its neuropathology report in this matter until we decide the instant mo-

tion. Plaintiffs' proper recourse is to file a Motion for Order Compelling Disclosure or Discovery. *See* FED. R. CIV. P. 37. We therefore decline to issue the requested order at this time.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendants' Motion for Reconsideration, or in the Alternative, Application for Certification for Immediate Appeal (Rec.Doc. No. 44) is denied.